Herman CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 49748.

Court of Criminal Appeals of Texas.

April 16, 1975.

John L. Scott, Jr., Amarillo (Court-appointed), for appellant.

Tom Curtis, Dist. Atty., Russell Busby, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The conviction is for carrying a pistol on premises licensed to sell alcoholic beverages; the punishment, assessed by the court, three years' imprisonment.

Appellant and three companions entered a "Toot-N-Totum" store where Alvin Smith was working. Smith saw that one of the men had a pistol in his trousers. After "milling around" for several minutes, the four men left. Smith went to the front window of the store and saw which way they went. He then called the police and went outside and further observed the group. Upon the arrival of a squad car, Smith gave directions to Officers Miller and Simmons, who found the four men some two and one-half blocks away. Simmons got out and called to Billy Bates, whom he recognized. Bates turned and Officer Smith saw a gun in his trousers. Bates was disarmed, handcuffed, and taken to the opposite side of the squad car.

At the direction of Officer Miller, appellant and another of his companions, Evert, began to get in the back seat of the squad car. The fourth man, Harvey, bent down near the rear tire of the car, where Officer Simmons subsequently found another pistol. Campbell and Evert fumbled about in the back seat and continued to do so despite Officer Miller's repeated instructions for them to place their hands on the rear of the front seat. Appellant then thrust his arm toward Officer Miller, and in his hand was another pistol. Miller drew his own pistol and disarmed appellant. A fourth pistol was found stuffed behind the seat close to where Evert had been sitting.

 Appellant's first ground of error is that the court erred in admitting the affidavit of the Assistant Administrator for the Texas Alcoholic Beverage Commission, relating to the license issued to the "Toot-N-Totum" store, urging that a copy had not been furnished him as required by Article 3731a, Vernon's Ann.Civ.St. Appellant objected at trial on the grounds that the affidavit was an "ex parte statement" and it was not the best evidence. These objections were not sufficient to bring the trial court's attention to the error now complained of and present nothing for review. Wood v. State, Tex.Cr.App., 511 S.W.2d 37. No error is shown.

Appellant's second ground of error is that the court erred in admitting evidence of criminal acts of persons other than the appellant. Appellant's complaint is directed toward the testimony of Officers Miller and Simmons that Billy Bates was armed, urging that the State sought to prove appellant's guilt by association.

The error here involved, if any, was made harmless when appellant called Bates as a witness and adduced from him that he was armed on the night in question. Cowles v. State, Tex.Cr.App., 510 S.W.2d 608. Berry v. State, Tex.Cr.App., 477 S.W.2d 284. We would note, however, that this evidence would be admissible as part of the circumstances surrounding appellant's arrest. Holcomb v. State, Tex.Cr.App., 484 S.W.2d 938, Cherry v. State, Tex.Cr.App., 479 S.W.2d 924. No error is shown.

Appellant finally contends that the evidence is insufficient to support the conviction. Appellant and his companions were observed from the time they were in the store until their arrest except for the short time when Smith called the police. Appellant was found in possession of a pistol approximately three blocks from the licensed premises. The jury was properly charged on the law of circumstantial evidence. We find there is ample evidence to show that appellant carried the pistol on the premises in question.

The judgment is affirmed.

Opinion approved by the Court.