Elgin BALDWIN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 51308.

Court of Criminal Appeals of Texas.

July 14, 1976.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty. and John Weeks, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction of the offense of attempted murder under V.T. C.A. Penal Code, Sec. 15.01, and Sec. 19.02. The jury assessed punishment at eleven (11) years in the Texas Department of Corrections.

In his first ground of error the appellant challenges the sufficiency of the evidence to sustain a conviction for attempted murder.

Viewing the evidence in the light most favorable to the verdict, the record reflects that the complaining witness, Robert Willis, testified that the appellant hit him on the arm and then the side of the head with a three and a half foot length of pipe. Willis testified that the appellant attacked him without provocation after having previously threatened his life.

Dr. John O'Loughlin testified that he treated the victim for a severe head injury. He stated that the victim had suffered a skull fracture and that the fragments of bone penetrated the brain requiring immediate surgery. Willis's right hand is still semi-paralyzed and further surgery will be required to insert a metal plate in the victim's skull.

Oliver Merrick testified that he witnessed the appellant's assault on Willis and that he saw the appellant hit the victim in the head with the pipe after Willis was on the ground.

Marilyn Overton testified that she saw the appellant strike the victim once and then twice after he was on the ground for no apparent reason.

The appellant testified and admitted hitting the victim with the pipe. He insisted, however, that he believed the victim had a gun and that he was acting in self-defense.

▇ The testimony was in conflict and the jury as the trier of fact resolved this conflict against the appellant. The jury may accept or reject any or all of the testimony and determine the weight to be given to it. This is the jury's function as fact finder. *Lombardo v. State*, 503 S.W.2d 780 (Tex.Cr.App.1974); *Pope v. State*, 505 S.W.2d 556 (Tex.Cr.App.1974); *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975); *Adami v. State*, 524 S.W.2d 693 (Tex.Cr.App.1975).

▇ It should be noted that both the appellant and the State argue this case on the assumption that attempted murder is identical in the required elements of proof with the offense of assault with intent to murder under the prior Penal Code.[1]

In order to prove murder under V.T.C.A. Penal Code, Sec. 19.02(a)(2) the State must prove that the actor first, intends to cause serious bodily injury,[2] second, the actor commits an act clearly dangerous to human life, that, third, causes the death of an individual.

A person commits the offense of criminal attempt under V.T.C.A. Penal Code, Sec. 15.01 if, first, with the specific intent to commit an offense he, second, does an act amounting to more than mere preparation that third, tends but fails to effect the commission of the offense intended.

Applying the foregoing analysis to the facts of the instant case the State was required to show the following elements of attempted murder. First, that the appellant intended to cause serious bodily injury. This is clearly shown by the appellant striking the victim on the arm and twice on the head with a three and a half foot metal pipe. A severe skull fracture certainly shows a substantial risk of death. There was also evidence that the victim suffered protracted impairment of his right arm and

hand. Second, the State was required to show that the appellant committed an act amounting to more than mere preparation. Here the evidence shows the appellant committed an act clearly dangerous to human life, the blows to the head of the victim with the pipe. The third element of murder is not shown because the victim in this case did not die as a result of the acts of the appellant; therefore, the appellant failed to effect the commission of the offense intended.

A specific intent to kill is not required under V.T.C.A. Penal Code, Sec. 19.02(a)(2) for the offense of murder to be committed. The specific intent, therefore, required under V.T.C.A. Penal Code, Sec. 15.01 would not be a specific intent to kill but need only be the intent to cause serious bodily injury.

The jury in the instant case could properly have concluded from the testimony that the appellant intended to cause serious bodily injury to the victim.

Since the appellant makes no complaint about the sufficiency of the indictment we need not reach the question of whether an indictment for attempted murder must specify murder under V.T.C.A. Penal Code, Sec. 19.02(a)(1) or (a)(2) or (a)(3). No motion to quash was filed in the instant case and this indictment is not fundamentally defective.

The evidence is clearly sufficient to support the conviction.

Appellant's first ground of error is overruled.

▇ Appellant in his second ground of error contends that the trial court erred in failing to give his specially requested charge on self-defense based on threats of the victim to kill the appellant. The trial court charged on self-defense including an instruction that the jury could consider the words or conduct of the victim in determining whether the appellant acted reasonably. The rights of the appellant were protected by the charge given on self-defense.

---

1. Art. 1160 V.A.P.C.

2. Serious bodily injury is defined in V.T.C.A., Penal Code, Sec. 1.07(a)(34).

Appellant's second ground of error is overruled.

The judgment is affirmed.

ODOM, J., concurs in the result.

ROBERTS, J., dissents.