**Buford TELFAIR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53226.**

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Opinion On State's Motion For Rehearing May 10, 1978.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. Appellant originally pleaded guilty to a charge of attempted murder; punishment was assessed at eight years, probated. Subsequently, on January 15, 1976, the court revoked appellant's probation and imposed sentence.

An examination of the record reveals that the indictment is fundamentally defective. This is error which this Court will consider in the interest of justice. Art. 40.09(13), Vernon's Ann.C.C.P.

Omitting the formal parts, the indictment alleges that on or about October 4, 1975, in Shelby County, Texas, the appellant:

"did then and there intentionally and knowingly attempt to cause the death of Marvin McClelland, Mattie C. Handy, Mary Louise Williams, and Jerry Preston, by shooting them with a gun."

V.T.C.A., Penal Code, Sec. 15.01(a), reads as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

V.T.C.A., Penal Code, Sec. 19.02(a), provides:

"A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

In *Baldwin v. State,* 538 S.W.2d 615, 616 (Tex.Cr.App.1976), we held that one of the elements of the offense of criminal attempt is the specific intent to commit an offense.[1]

In *Garcia v. State,* 541 S.W.2d 428, 430 (Tex.Cr.App.1976), another attempted murder case, we again emphasized that the specific intent to commit an offense is a necessary element of criminal attempt under Section 15.01. This is in accord with the language of Article 21.05 of our Code of Criminal Procedure, which provides that "[w]here a particular intent is a material fact in the description of the offense, it *must* be stated in the indictment." (Emphasis added.)

We can only conclude that the "specific intent to commit an offense" is both a particular intent and a material fact in the description of the offense of criminal attempt; therefore, it *must* be alleged in any indictment charging criminal attempt. Since the indictment in this case failed to allege this particular intent, the judgment must be reversed.

Nor can it be argued that the State satisfied its burden of pleading by alleging in general terms that the appellant acted intentionally. In *Victory v. State,* 547 S.W.2d 1, 4 (Tex.Cr.App.1976) (Opinion on State's Motion for Rehearing), we held that the allegation of the general culpable mental state "intentionally" does not dispense with the need to allege the particular intent required by Article 21.05.

For the foregoing reasons, the judgment is reversed and the prosecution under this indictment is ordered dismissed.

DOUGLAS, Judge, dissenting.

The indictment alleges that appellant ". . . did then and there intentionally and knowingly attempt to cause the death of Marvin McClelland, Mattie C. Handy, Mary Louise Williams, and Jerry Preston, by shooting them with a gun."

The majority holds that the indictment is fundamentally defective because it fails to allege the "specific intent to commit an offense." Such reasoning would require an indictment to allege in effect that the accused intentionally intended attempted murder, or that he intentionally attempted to murder with intent.

Today's holding contravenes the express language of Article 21.11, V.A.C.C.P., which provides in part:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular ·offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; . . . ." (Acts 1965, 59th Leg., p. 317, ch. 722, § 1, eff. Jan. 1, 1966).

---

1. We also held in *Baldwin* that where the offense is attempted murder, the State, in proving the specific intent to commit murder, need not prove that the accused intended to kill, but must only prove that he intended to cause serious bodily injury. See V.T.C.A., Penal Code, Sec. 19.02(a)(2), supra.

The allegation, all in one sentence, in the instant case that appellant intentionally attempted to kill conveys the meaning that he made such an attempt to murder. It does not take a lawyer to see this.

The most recent case of this Court is contrary to the majority opinion. In *Prodon v. State*, Tex.Cr.App., 555 S.W.2d 451 (1977), the indictment alleged that appellant unlawfully committed "an offense hereafter styled the primary offense in that he did attempt to enter a building owned by Elizabeth Leal by removing a ventilator and cutting a hole in the roof, having intent to commit burglary." In that case we rejected the defendant's contention that the indictment was fundamentally defective because it failed to allege the particular intent required by the attempt statute. Only one intent was alleged in that indictment.

In the case at bar appellant filed no exception or motion to quash the indictment. He knew that he was charged with attempted murder and was not misled or harmed in any way.

The judgment should be affirmed.

### OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The State's motion for rehearing is granted.

■ On original submission, although not raised by appellant, the majority reversed and dismissed the prosecution because a "specific intent to commit an offense" was not alleged.

In substance, the indictment alleged that appellant

". . . did then and there intentionally and knowingly attempt to cause the death of Marvin McClelland, Mattie C. Handy, Mary Louise Williams, and Jerry Preston by shooting them with a gun."

The case of *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973), answers the question. Even though it concerned an indictment under the former code, it construed the word "attempt" as sufficient to include

the word "intent." In the present case, "attempt" was used instead of "intent."

Branch's Annotated Penal Code, 2d Edition, Section 1866, cites the correct rule as follows:

"The word 'attempt' is a word of more comprehensive meaning than the word 'intent' and includes the latter; . . ."

For further reasons, see *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978).

■ The ground raised on appeal from the order revoking probation that evidence to revoke is insufficient will be discussed. Appellant had been convicted for attempt to murder. His punishment was assessed at eight years and he was placed on probation.

The motion to revoke probation alleged:

"a. On or about the 15th day of December, 1975, in Shelby County, Texas, the Defendant did then and there intentionally and knowingly remain in a habitation of Emma Jean Dock without the effective consent of the said Emma Jean Dock, and the said Buford Telfair after having received notice to depart, to-wit: the owner of said premises had by oral communications told the said Buford Telfair to depart, the said Buford Telfair failed to depart;

"b. On or about the 15th day of December, 1975, in Shelby County, Texas, the Defendant did then and there intentionally and knowingly threaten *Emma Jean Dock* with imminent bodily injury;

"c. On or about the 15th day of December, 1975, in Shelby County, Texas, the Defendant did voluntarily and immoderately drink and consume alcoholic beverages, and did wilfully get drunk."

The court found that all the conditions of probation had been violated.

Without determining the sufficiency of the evidence to sustain the finding of a violation of conditions a and b, we hold that the evidence is sufficient to show a violation of condition c.

On the day in question, appellant, who was drinking, went to the home of Emma Jean Dock, his former girlfriend, in Shelbyville. He drank two beers while he was there. They had a disagreement. She testified that appellant threatened her and "he said he would make me kill him or he'd kill me before daylight. But Buford was always doing something like that", and, "I think he really wanted to make me kill him."

She related that she asked him to leave, but he refused to leave. She held a gun on him and called the police to remove him.

On cross-examination, she related that she had been going with appellant. When she was asked why she went to see him in jail, she answered:

> "When he first went to jail, I wanted to know why he shot Mary cause she was only six years old and I knowed he cared about her,"

and

> "Before Buford went to jail, I told him we had to stop seeing each other cause I was—he was scaring the kids. He stayed drunk too much, so I told him I was going to stop seeing him. I was tired of it. Except Buford didn't understand that. . . ."

J. H. Black, Jr., testified that he was a dispatcher for the "city-county police facility" when appellant was brought in by Constable Butch Adams from Shelbyville; that appellant had an odor of alcohol on his breath, and that he was placed in jail for public intoxication. He related that he could not tell if appellant was intoxicated.

O. F. Adams testified that he had been a constable eleven years and had seen many people who were intoxicated. He testified that when he went to Emma Jean Dock's house appellant was drinking a can of beer and that he was intoxicated. "He wasn't down drunk, but he was under the influence enough I feel like he was drunk. . . ."

The trial judge had before him sufficient evidence to conclude that appellant was intoxicated and that he had violated condition "c" of the order granting probation.

No reversible error has been shown. The judgment is affirmed.[1]

ONION, P. J., and ROBERTS, PHILLIPS and DALLY, JJ., dissent for the reasons stated in the dissenting opinion in *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978).

VOLLERS, J., not participating.

REAVLEY, Special J., concurs in this opinion.

---

1. Judge Vollers did not participate in the decision of this cause because he acted as counsel for the State prior to his becoming judge of this Court. He certified to Governor Briscoe, under Article 5, Section 11 of the Constitution of Texas, that he was disqualified to sit in this cause and that the votes by the other members of the Court were equally divided. The Honorable Dolph Briscoe, Governor of Texas, appointed the Honorable Thomas M. Reavley, a former justice of the Supreme Court of Texas, to sit in this cause.