**Owen Franklin STIDHAM, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 58224.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 12, 1979.

Mike DeGeurin, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Michael Kuhn, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for attempted aggravated rape. After finding appellant guilty, the jury assessed punishment at five years.

In a supplemental brief, appellant contends that the charge to the jury contains a fundamental error in that it did not require the jury to find all of the essential elements of the offense in order to convict. This contention is raised for the first time on appeal.

The indictment under which appellant was charged alleges in pertinent part that appellant:

---

"*intentionally* and *knowingly* by force and by *threatening the imminent infliction of serious bodily injury and death* to E___ G___, a female not his wife and hereafter styled the Complainant, attempt to have sexual intercourse with the Complainant and without the consent of the Complainant, by choking her and threatening her with a crowbar." [Emphasis added.]

The portion of the court's charge to the jury which applied the law to the facts of the offense recites:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of January, 1977 in Harris County, Texas, the defendant, Owen Franklin Stidham, Jr., did, without the consent of E___ G___, a female, and by the use of force or by threatening the imminent infliction of serious bodily injury and death, attempt to have sexual intercourse with the said E___ G___, and that the said E___ G___ was not then and there the wife of the said defendant, then you will find the defendant guilty of attempted aggravated rape as charged in the Indictment."

In *Zachery v. State*, 552 S.W.2d 136 (Tex. Cr.App.), we held that an indictment for attempted rape which failed to allege a culpable mental state was fundamentally defective. The indictment was defective in that the culpable mental state is an essential element of the offense. See, V.T.C.A. Penal Code, Sec. 6.02.

The jury charge in the instant case failed to include the required culpable mental state of "knowingly" or "intentionally." Such an omission of an essential element of the offense renders the charge fundamentally defective. See *Mendoza v. State*, 577 S.W.2d 240 (Tex.Cr.App.); *Holloway v. State*, 583 S.W.2d 376 (Tex.Cr.App.); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.); *Thompson v. State*, 574 S.W.2d 103 (Tex.Cr. App.); *Ely v. State*, 582 S.W.2d 416 (Tex. Cr.App.); *West v. State*, 572 S.W.2d 712 (Tex.Cr.App.); *Windham v. State*, 530 S.W.2d 111 (Tex.Cr.App.). See also *Williams v. State*, 547 S.W.2d 18 (Tex.Cr.App.).

The judgment is reversed and the cause remanded.