**Ex parte Joseph POUSSON, Jr.**

**Nos. 63972, 63973.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1980.

Joseph Pousson, Jr., pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are post-conviction habeas corpus proceedings under Article 11.07, V.A.C.C.P.

In June of 1976, Pousson was convicted of attempted capital murder, aggravated kidnapping and felony theft. He initiated these habeas corpus actions claiming that the three indictments were fundamentally defective and that he was denied effective assistance of counsel because his attorney allowed him to plead guilty to the defective indictments.

The indictments read as follows:

"THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the October Term, A.D., 1975, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that JOSEPH DEWEY POUSSON, JR. on or about the 15th day of October, One Thousand Nine Hundred and Seventy-five, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there attempt to cause the death of M. B. Monk, hereinafter called victim, by shooting at the victim with a gun, and that the said victim was a peace officer acting in the lawful discharge of an official duty, and the said Joseph Dewey Pousson, Jr. then and there knew the said victim was a peace officer, having at the time the specific intent to commit the offense of Murder.   .   .   .

"THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the October Term, A.D., 1975, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that JOSEPH DEWEY POUSSON, JR. on or about the 15th day of October One Thousand Nine Hundred and Seventy-five, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there knowingly and intentionally abduct another person, Paula Sue Erickson, with the intent to violate and abuse Paula Sue Erickson sexually, . . .

"THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the October Term, A.D., 1975, of the Criminal District Court of Jefferson County in said County and State, upon oath in said Court present that JOSEPH DEWEY POUSSON, JR. on or about the 15th day of October, One Thousand Nine Hundred and Seventy-five, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there, with intent to deprive the owner, Billye Jean Coker, of property, namely, One Chevrolet Impala 4-door sedan automobile, did unlawfully appropriate such property which had a value of at least Two Hundred and No/100 ($200.00) Dollars, but less than Ten Thousand and No/100 ($10,000.00) Dollars."

■ Pousson argues that the first indictment, attempted capital murder, is defective because it fails to allege that he knowingly and intentionally shot at the victim with a gun. In *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973), we held that the use of the word "attempt" instead of "intent" did not vitiate the indictment. There, the indictment charged that the defendant "did . . . attempt to fraudulently take from the person and possession of the said complainant the personal property of the said complainant with the intent then and there to appropriate said property . . ."

In *Telfair v. State*, 565 S.W.2d 522 (Tex. Cr.App.1978), the indictment stated that the defendant

"did then and there intentionally and knowingly attempt to cause the death of [the complainants] by shooting them with a gun."

We held that the word "attempt" included the word "intent" because the former has a more comprehensive meaning. Attempt "implies an intent and an actual effort to carry out or consummate the intent or purpose." *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978), and cases cited therein. We hold here that an indictment charging one with an attempt to cause the death of a police officer with the specific intent to commit the offense of murder sufficiently alleges the offense of attempted capital murder.

■ As to the aggravated kidnapping indictment, Pousson contends that (1) the indictment does not negate the exceptions to the offense as outlined in V.T.C.A., Penal Code, Section 20.03, and that (2) it does not set forth all the elements of kidnapping. An identical indictment was held not to be fundamentally defective in *Pollard v. State*, 567 S.W.2d 11 (Tex.Cr.App.1978). This contention is overruled.

■ As to the theft indictment, Pousson argues that the indictment is defective because it fails to allege that the property was taken without the effective consent of the owner. In *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977), we held that this omission renders a theft indictment fundamentally defective. As to cause number 33,044, we grant relief and order the prosecution dismissed.

■ Pousson also claims that he was denied effective assistance of counsel because his trial attorney allowed him to plead guilty to defective indictments. We decided this contention adversely to petitioner in *Benoit v. State*, 561 S.W.2d 810, 819 (Tex. Cr.App.1977).

Relief is granted in part and denied in part.

DALLY, and PHILLIPS, JJ., concur in the result.

CLINTON, Judge, concurring.

In *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978) the problem that sharply divided the Court was that the indictment did not allege a specific intent to commit an object offense. Here, however, just such specific intent is alleged. Thus, whatever the merit of permitting use of the averment of "attempt" to serve double duty by construing it to embrace the missing specific intent allegations, *Dovalina* does not solve the problem presented here by Pousson. Indeed, since the indictment in *Dovalina* particularly alleged that he did "unlawfully, *knowingly and intentionally* attempt to cause the death[1]" of the named victim, whereas here that is the very omission of which Pousson complains, the *Dovalina* plurality holding is not in point and its opinion hardly persuasive.

Here the indictment alleges, in conclusory language to be sure, that Pousson did "attempt to cause the death" of the named victim, and then goes on to explain factually the act amounting to more than mere preparation—"by shooting at the victim with a gun." Coupled with the other factual allegations including the prescribed specific intent, the indictment avoids any fundamental defect and is sufficient to state an offense denounced by a provision of the penal code.

Accordingly, I concur in the result in this respect.

ONION, P. J., and ROBERTS and ODOM, JJ., join in this opinion.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.