Bobby Joe SEARS, Appellant,

v.

The STATE of Texas, Appellee.

No. 61,677.

Court of Criminal Appeals of Texas.

May 26, 1982.

Rehearing Denied June 8, 1983.

Phil Adams, Richardson, Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., J.T. Langford, Kevin Byrne and Gilbert P. Howard, Dallas, Asst. Dist. Attys., Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

In this appeal from a judgment of conviction for the offense of attempted rape appellant contends that part of the charge to the jury applying the law to the facts is fundamentally defective in several respects, and he is correct.

V.T.C.A. Penal Code, § 15.01 proscribes criminal attempt as follows:

"(a) A person commits an offense if, *with specific intent to commit an offense,* he does an act *amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.*" [1]

Conformably, in pertinent part the indictment in this cause alleged that on a given date and in the stated place appellant did

"then and there *with the specific intent to commit the offense of rape,* attempt to have sexual intercourse with [complainant], a female not his wife, without the consent of said complainant, by *knowingly and intentionally* using force and threats; *said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended...*"

Notwithstanding the statutory statement of the offense and the elements of the offense alleged in the indictment, the court authorized the jury to find appellant guilty if it found that on the given date and in the stated place appellant did

"without the consent of [complainant], a female, and by the use of force, attempt to have sexual intorcorse [sic] with the said [complainant], and that the said [complainant] was not then and there the wife of said defendant, then you will find the defendant guilty of attempted rape ..."

To even a casual reader it is obvious that the charge omits so many elements stated in the statute and alleged in the indictment, underscored above, that it does not even state an offense. Thus, the charge permits a finding of guilt for use of some force in an effort to have sexual intercourse with a nonconsenting female. Such is not yet denounced by the penal law of this State.

A charge of the court that authorizes conviction for noncriminal conduct is fundamentally erroneous. *Cumbie v. State,* 578 S.W.2d 732, 735 (Tex.Cr.App.1979). See generally *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App., 1982).

The judgment of conviction is reversed and the cause remanded.[2]

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for attempted rape. On original submission a panel of the Court held the charge was fundamentally defective for omission of numerous elements of the offense. The dissent on rehearing relies on *Finley v. State,*

---

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

2. In his fourth ground of error appellant claims the trial court erred in admitting during the punishment hearing a penpacket showing a prior conviction of appellant in the State of Arkansas since a paper in the packet recites that appellant was tried on an information. The ground of error is overruled because while testifying in his own behalf during the guilt phase appellant admitted he had been "duly and legally convicted" of the offense shown in the penpacket and because when the packet was offered by the State appellant's sole objection was that "it is hearsay." *Watkins v. State,* 572 S.W.2d 339, 343 (Tex.Cr.App.1978); *Campbell v. State,* 521 S.W.2d 636, 637 (Tex.Cr.App. 1975).

527 S.W.2d 553 (Tex.Cr.App.1975). The issue before the Court today was neither raised nor decided in *Finley.* The issue in *Finley* was specifically stated by the Court: "Appellant contends that the charge should have read, 'A person is guilty of an attempt to commit rape where ...' " [1] In the more recent case of *Stidham v. State,* 590 S.W.2d 502 (Tex.Cr.App.1979), however, a charge on attempted aggravated rape was held fundamentally defective. The charge in *Stidham,* except for the element of aggravation, is in all material respects indistinguishable from the charge in this case. As in *Stidham,* the charge in this case is fundamentally defective.

The motion for rehearing is denied.

TEAGUE, Judge, concurring.

I have done what the dissent urges. I have read the charge as a whole. I am now convinced that the application paragraph of the charge makes the whole charge egregious.

The charge suffers from at least the following defects:

(1) The application paragraph of the charge does not require a finding that appellant acted intentionally or knowingly, the two culpable mental states alleged in the indictment.

(2) The application paragraph of the charge does not require a finding of any specific acts on the part of appellant, merely requiring a conclusory finding that appellant attempted to have sexual intercourse by the use of force;

(3) The application paragraph of the charge does not require a finding that appellant did some act which amounted to more than mere preparation that tended but failed to effect the rape of the complainant.

Although I acknowledge that an allegation of an attempt might substitute for one of the four statutorily defined mental states, see V.T.C.A., Penal Code, Sec. 6.03, as far as supplying a culpable mental state,

see *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978) (Overruled on another point in *Windham v. State,* 638 S.W.2d 486 (Tex.Cr.App.1982), it cannot replace one of the culpable mental states found in the indictment.

What the State alleges, it must prove, although when more than one method is alleged only one must be proved. Since the indictment in this cause alleged appellant acted intentionally and knowingly, the jury had to find that appellant acted either intentionally or knowingly. But, the jury was not instructed that they had to find either of these mental states.

Additionally, the charge does not instruct the jury as to what acts of appellant possibly shown by the evidence adduced would, if found to be true, constitute an offense, charging them only in the conclusory terms of "attempt to have sexual intercourse by the use of force."

Furthermore, the charge did not require a finding of more than mere preparation, either by finding distinct acts constituting such or by referring them to an abstract definition of the offense of "attempt," in that the abstract definition of "attempt" contained in this charge did not designate it as the offense of "attempt", but merely referred to acts amounting to more than mere preparation, etc., as some unnamed offense.

The majority is too kind in its treatment of the State's motion for rehearing. I enthusiastically agree with the majority opinion.

McCORMICK, Judge, dissenting.

Because the panel opinion clearly ignores the case law of this State, I must register my dissent to the overruling of the State's motion for leave to file a motion for rehearing. Appellant was indicted for attempted rape:

"... Bobby Joe Sears * * * did then and there with the specific intent to commit the offense of rape, attempt to have

---

1. The dissent quotes a general statement of the *nature* of Finley's complaint. The specific *is-* 

*sue* addressed in that case, however, was the need for a charge as quoted above.

sexual intercourse with F———— V————, hereinafter called complainant, a female not his wife, without the consent of the said complainant, by knowingly and intentionally using force and threats; said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, . . ."

In the abstract portion of the jury charge, the trial judge defined the following:

"A person commits the offense of rape if he intentionally and knowingly has sexual intercourse with a female not his wife without the female's consent.

" * * *

' "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objection or desire to engage in the conduct or cause the result.

"A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended."

The application paragraph reads as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 17th day of April, 1978 in Dallas County, Texas, the defendant, Bobby Joe Sears, did, without the consent of F——— V————, a female, and by the use of force, attempt to have sexual intercourse with the said F——— V————, and that the said F——— V——— was not then and there the wife of the said defendant, then you will find the defendant guilty of attempted rape, as charged in the indictment."

The panel opinion held that "the charge omits so many elements stated in the stat-ute and alleged in the indictment, . . . that it does not even state an offense."

V.T.C.A., Penal Code, Section 15.01, proscribes criminal attempt as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

It has been the position of this Court that the charge should be read as a whole and review should not be limited to parts of the charge standing alone. *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1979) (on court's motion for rehearing). Applying this principle to the instant case, it is clear that there is no fundamental error in the charge.

The charge to the jury required a finding of an attempt [as defined in the abstract portion of the charge] by appellant to rape the complainant. Attempt implies an intent and an active effort to carry out or consummate the intent or purpose. *Ex parte Pousson,* 599 S.W.2d 820 (Tex.Cr.App. 1980); *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978). It has been held in several Texas cases that "attempt" is sufficient to include the word "intent" and is in fact more comprehensive in meaning that the jury is required to find that the criminal attempt was committed with the required specific intent. *Whitlow v. State,* 609 S.W.2d 808 (Tex.Cr.App.1980); *Smith v. State,* 571 S.W.2d 168 (Tex.Cr.App.1978); *Telfair v. State,* 565 S.W.2d 522 (Tex.Cr. App.1978), and authorities cited therein. With "intent" being included in the meaning of "attempt", it is clear that the jury could not convict without finding that appellant had the proper culpable mental state.

In addition, the abstract portion of the charge defined attempt as doing "an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended." When this definition is considered with the portion of the charge applying the law to the facts, it is clear that the jury could convict only if they found that an attempt was made as defined.

I think it is important to note that the very identical charge under consideration here was approved by this Court in *Finley v. State,* 527 S.W.2d 553 (Tex.Cr.App.1975).

Despite the contentions of the majority to the contrary, *Finley* addressed the issue squarely:

> "Appellant also contends that the trial court committed fundamental error in failing to apply the law of attempted rape to the facts of this case in his charge to the jury." *Finley v. State,* supra, at 555.

The majority further attempts to ignore the holding in *Finley* by asserting that Finley's objection went more specifically to how the charge was worded rather than its fundamental sufficiency. I ask the majority to explain why the error in the case at bar is so blatant that harm is presumed, and yet no harm resulted to Finley where the exact same charge was given.

Furthermore, the panel opinion in *Stidham v. State,* 590 S.W.2d 502 (Tex.Cr.App. 1979), considered the application paragraph alone, and did not address whether other portions of the charge may have been sufficient to cure any alleged fundamental defects.

Absent a showing of harm, or an objection, no error is shown and the State's motion for rehearing should be granted. I must therefore dissent.

W.C. DAVIS and CAMPBELL, JJ., join in this dissent.