Ocanas v. SOT








NUMBER 13-97-257-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


REYNALDO OCANAS, Appellant,



v.




THE STATE OF TEXAS, Appellee.

____________________________________________________________________



On appeal from the 24th District Court of Calhoun County, Texas.


____________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa



 A jury found appellant, Reynaldo Ocanas, guilty of attempted murder and assessed his punishment at twenty years
imprisonment and a $10,000 fine. By three points of error, appellant contends: (1) the evidence is legally and factually
insufficient to sustain the conviction, (2) he was denied effective assistance of counsel, and (3) the trial court abused its
discretion by submitting a deadly weapons issue to the jury. We affirm.

I. Sufficiency of the Evidence


 By his first point of error, appellant complains the evidence is legally and factually insufficient to sustain his conviction for
the offense of attempted murder. He contends there is no evidence to establish that he was a party to the alleged crime of
attempted murder committed against the victim, Sandra Ramon. Also, he argues there is no evidence, outside the
testimony of the victim, to place him at the scene of the crime.

A. Legal Sufficiency


 In reviewing a legal sufficiency of the evidence claim, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); Turro
v. State, 867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993); Arceneaux v. State, 803 S.W.2d 267, 269 (Tex. Crim. App. 1990);
Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.--Corpus Christi 1997, pet. ref'd). Sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Malik v. State,
953 S.W.2d 234, 239 (Tex. Crim. App. 1997).

 In this case, a review of the sufficiency of the evidence includes a consideration of the law of parties. A person is
criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for
which he is criminally responsible, or by both. Tex. Pen. Code Ann. § 7.01(a) (Vernon 1994). Under the law of parties, the
State may charge a defendant with an offense in which he may not be the principal actor. See Tex. Pen. Code Ann. §
7.01(b) (Vernon 1994);Goff v. State, 931 S.W.2d 537, 544 (Tex. Crim. App. 1996); Romo v. State, 568 S.W.2d 298, 300
(Tex. Crim. App. 1977) (opinion on rehearing); Rosillo v. State, 953 S.W.2d at 812.

 The elements of the offense of attempted murder are: (1) a person, (2) with the specific intent to cause the death of
another, (3) does an act amounting to more than mere preparation that (4) tends, but fails to effect the commission of
murder. Tex. Pen. Code Ann. §§ 15.01, 19.02(a)(1) (Vernon 1994); Ex parte Bartmess, 739 S.W.2d 51, 53 (Tex. Crim.
App. 1987). Appellant, citing Baldwin v. State, 538 S.W.2d 615 (Tex. Crim. App. 1976), argues that an essential element
of attempted murder is the "intent to commit serious bodily injury." Appellant has overlooked the fact that Baldwin was
overruled by Flanagan v. State, 675 S.W.2d 734, 742 (Tex. Crim. App. 1982), which states that a specific intent to kill is a
necessary element of attempted murder. Flanagan, 675 S.W.2d at 741.

 The jury charge correctly stated:

 If you believe from the evidence beyond a reasonable doubt, that on or about the 29th day of November, 1995, in Calhoun
County, Texas, as alleged in the indictment, the Defendant, REYNALDO OCANAS, acting with Gilbert Alvarado, III, as a
party to the offense as that term is hereinbefore defined, did then and there unlawfully, intentionally or knowingly, with the
specific intent to commit the offense of Murder, did then and there attempt to cause the death of an individual, Sandra
Muniz Ramon, by then and there shooting her with a gun, an act that amounts to more than mere preparation that tends but
fails to effect the commission of the offense intended, you will find the Defendant guilty of the offense of Attempted
Murder and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit
the Defendant and say by your verdict "Not Guilty."



 Appellant claims that the jury charge did not instruct the jury on the law of parties. After reviewing the jury charge, we
find appellant's claim to be without merit. The charge correctly stated:

a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both. A person is criminally responsible for an offense committed by
the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages,
directs, aids or attempts to aid the other person to commit the offense. 



Although a proper jury instruction was given, we still need to determine whether appellant can be held criminally
responsible as a party.

 While presence of an accused at the scene of an offense is not alone sufficient to support a conviction, it is a circumstance
tending to prove guilt which, with other facts, may suffice to show that the accused was a participant. Valdez v. State, 623
S.W.2d 317, 321 (Tex. Crim. App. 1979); Vargas v. State, 883 S.W.2d 256, 263 (Tex. App.--Corpus Christi 1994, no pet.). 
Activities before, during, or after the offense are relevant to determine whether the defendant was acting as a party.
Medellin v. State, 617 S.W.2d 229, 231 (Tex. Crim. App. 1981); Vargas, 883 S.W.2d at 263; Westfall v. State, 663 S.W.2d
664, 666 (Tex. App.--Corpus Christi 1983, no pet.).

 The record reflects that on the evening of November 29, 1995, Sandra Ramon had fallen asleep on her couch. At
approximately 11:00 p.m., she was awakened by someone knocking at the door whom she assumed was her boyfriend
returning from work. She unlocked the door and returned to the couch. When she turned around, she was not greeted by
her boyfriend, but by appellant and Gilbert Alvarado, III. Each intruder was carrying a firearm when he entered the house. 
Appellant first tried to shoot Sandra twice, but fortunately his gun did not go off. Instead, Ms. Ramon testified she heard
the gun click twice. Ms. Ramon was not as fortunate at the hands of Alvarado. Alvarado shot her four times -- in the
underarm, finger, ribs, and neck. The bullet that hit Ms. Ramon in the neck was fired from Alvarado's gun as he held it to
her throat. During this shooting spree, appellant stood by Alvarado; he did not try to assist Ms. Ramon. After the shot to
her neck, Ms. Ramon fell to the ground. Even after sustaining four bullet wounds, Ms. Ramon managed to get back on her
feet and as she tried to run down a hallway to get away from the intruders, she was once again struck by a bullet from one
of the guns. This final bullet entered the back of her head and exited through her mouth. Since her back was turned away
from the shooters, Ms. Ramon could not tell the jury who shot her the final time. Although she was severely wounded and
barely able to breathe, Ms. Ramon was able to dial 911. Because two officers were close to the scene of the crime, they
were able to reach Ms. Ramon within seconds after they were notified of the call. Ms. Ramon was rushed to a hospital
where she underwent emergency surgery. Even though she suffered a stroke, was partially paralyzed for a period of time,
and had to undergo speech therapy, Ms. Ramon survived the shooting.

 Following the incident, Ms. Ramon was unable to speak or write for approximately two weeks. On or about December 7,
Ms. Ramon was able to communicate to the investigating officers that she had seen appellant in Municipal Court in
October. On December 11, she was able to communicate to Detective Mead that there were two intruders and that they
were both Hispanic and young. On December 15, Ms. Ramon picked appellant out of a police photo line-up consisting of
about 160 photographs of individuals of similar age, ethnicity, and facial characteristics. On January 8, Detective Mead
showed Ms. Ramon a separate photo line-up in which she identified Alvarado as the second individual involved in the case.

 Appellant argues there is no evidence, other than the testimony of the victim, that he was a party to the shooting, or that he
was ever in the victim's home. But the crux of determining whether the evidence was sufficient is the fact that the trier of
fact -- not the appellate court -- is free to accept or reject all or any portion of any witness's testimony. Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The jury is the exclusive judge of the credibility of witnesses and of the
weight to be given their testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).

 We conclude the evidence presented at trial, principally through the testimony of Ms. Ramon, was sufficient to allow a
rational jury to believe beyond a reasonable doubt that appellant was present at the victim's house, attempted to initially
shoot her and possibly did shoot her the fifth and final time, and could rationally be considered a party to the offense. We
hold the evidence is legally sufficient to support appellant's conviction.

B. Factual Sufficiency


 When we review a factual sufficiency of the evidence point of error, we review all of the evidence and set aside the verdict
only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Clewis v.
State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996); Rosillo, 953 S.W.2d at 813. Under a factual sufficiency review, we
are not bound to view the evidence in the light most favorable to the prosecution. Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd, untimely filed). Rather, we are free to consider the testimony of all the witnesses. Id.

 We note that no gun was ever found, appellant's fingerprints were not found at the scene, and appellant was never seen at
the scene of the crime by anyone other than Ramon. However, the victim testified appellant "was one of the ones who
came to the house and he was the one that tried to shoot me first." This statement was supported by Ms. Ramon's graphic
recollection of the way in which the appellant and Alvarado entered her house uninvited and proceeded to shoot her five
times at close range.

 After considering all of the evidence, we conclude the verdict is not so against the overwhelming weight of the evidence
that it is manifestly unjust or wrong. Although there is no other evidence that placed appellant at the scene of the crime, the
victim was able to positively identify him as one of the intruders. For the jury to find that he was there and a party to the
crime is not so against the overwhelming weight of the evidence as to be manifestly unjust or wrong. We hold the evidence
is factually sufficient to support the conviction.

 Because we have held the evidence is legally and factually sufficient to support appellant's conviction, we overrule
appellant's first point of error.

II. Ineffective Assistance of Counsel


 By his second point of error, appellant complains his conviction is void because his trial counsel did not render effective
assistance of counsel. He contends his counsel was ineffective because counsel: (1) failed to request the lesser included
offense of assault, (2) failed to request an instruction on provocation, and (3) failed to object to the testimony of Officer
Mead concerning a deadly weapon.

 The standard of review for ineffective assistance of counsel during the guilt/innocence phase was set out in Strickland v.
Washington, 466 U.S. 668, 687 (1984). See also Vasquez v. State, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992);Craig v.
State, 825 S.W.2d 128, 129 (Tex. Crim. App. 1992); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). A
defendant seeking relief must demonstrate that: (1) counsel's performance failed to constitute reasonably effective
assistance by falling below an objective standard of reasonableness under prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694; Hernandez, 726 S.W.2d at 55; Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim. App.
1989); Lozada-Mendoza v. State, 951 S.W.2d 39, 42 (Tex. App.--Corpus Christi 1997, no pet.). A "reasonable probability"
is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Ex parte
Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989). Whether this standard has been met is to be judged by "the totality
of the representation." Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Our review of counsel's
performance must be highly deferential. Strickland, 466 U.S. at 689; Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim.
App. 1994).

 The burden of proving ineffective assistance of counsel is on the appellant and is one which requires proof by a
preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). An allegation of
ineffective assistance of counsel will be sustained only if it is firmly founded and if the record affirmatively demonstrates
counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980). In determining
whether trial counsel rendered deficient performance, we employ a strong presumption that counsel's conduct constitutes
sound trial strategy. Strickland, 466 U.S. at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).

 Consistent with Strickland, we must presume that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case, and that he made all significant decisions in the exercise of reasonable professional
judgment. Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992); Moffatt v. State, 930 S.W.2d 823, 826-27 (Tex.
App.--Corpus Christi 1996, no pet.). The record must contain evidence of counsel's reasoning, or lack thereof, to rebut that
presumption. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

A. Lesser Included Offense


 Appellant contends his trial counsel should have requested that the jury charge include the lesser included offenses of
"assault" or "aggravated assault" because there was no evidence that he possessed the specific intent for attempted murder.

 The accused is entitled to a charge on a lesser included offense if he shows that: (1) the lesser offense is included within
the proof necessary to establish the offense charged, and (2) evidence exists in the record to prove that if he is guilty, he is
guilty only of the lesser included offense. Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990); Royster v. State,
622 S.W.2d 442, 446 (Tex. Crim. App. 1981)(opinion on rehearing); Lynn v. State, 860 S.W.2d 599, 602 (Tex.
App.--Corpus Christi 1993, pet. ref'd). In determining whether appellant was entitled to an instruction on the lesser
included offense, we focus on whether some admitted evidence exists that might support the finding by a jury that when
appellant shot Ms. Ramon, or was a party to the shooting, he only intended to injure her and did not intend to cause her
death. See Villarreal v. State, 809 S.W.2d 295, 298 (Tex. App.--Corpus Christi 1991, pet. ref'd) (citing Sanchez v. State,
745 S.W.2d 353, 357 (Tex. Crim. App. 1988); Flanagan, 675 S.W.2d at 742 (attempted murder requires a specific intent to
kill, whereas the intent to cause serious bodily injury is the intent to commit aggravated assault).

 The evidence presented in this case -- Ms. Ramon was shot five times, once in the neck as Alvarado held the gun to her
neck and another in the back of her head -- does not support a finding that appellant only intended to injure Ms. Ramon. 
Trial counsel's decision not to request a jury charge for the lesser included offense does not constitute ineffective assistance
of counsel. It was objectively reasonable for trial counsel not to request the charge because the evidence presented did not
support a finding for assault or aggravated assault.

B. Defense of Provocation


 Appellant contends his trial counsel should have requested a jury instruction on the law of provocation. He argues that
because Ms. Ramon tried to push him and Alvarado out of her house, she provoked the shooting that resulted.

 An accused is entitled to an affirmative instruction on any affirmative defense raised by the evidence. Hall v. State, 402
S.W.2d 752, 754 (Tex. Crim. App. 1966). If appellant claimed the affirmative defense of provocation, he needed to prove
by a preponderance of the evidence that he attempted to cause the death of Ms. Ramon while under the immediate influence
of sudden passion arising from an adequate cause. See Tex. Pen. Code Ann. § 19.02 (Vernon 1994). In addition, appellant
needed some evidence which would permit a rational jury to find that he was provoked and acted under a state of mind, be
it anger, rage, resentment, or terror, which rendered him incapable of cool reflection. Id.; see Davila v. State, 952 S.W.2d
872, 877 (Tex. App.--Corpus Christi 1997, pet. ref'd).

 Appellant contends the evidence established the affirmative defense of provocation. However, a review of the evidence
clearly indicates that appellant was not provoked. Ms. Ramon testified that appellant and Alvarado entered her home
uninvited on the evening of November 29, 1995, exhibiting firearms. As Ms. Ramon walked towards the intruders to get
them out of her house, appellant twice attempted to fire his gun at her, but fortunately it did not fire. After she heard the
click of the gun, Ms. Ramon tried to push the intruders out the door. Alvarado then started firing at her.

 The evidence presented at trial cannot be characterized as provocation. Appellant and Alvarado illegally entered Ms.
Ramon's house, carrying firearms, and began firing at her. Her fruitless attempt to get the intruders out of her house is not
provocation. It is likely that appellant's trial counsel recognized this obvious fact and reasonably chose not to request an
instruction on the affirmative defense of provocation.

C. Testimony of Officer Mead


 Appellant also contends his trial counsel was ineffective because counsel failed to object to the testimony of Officer Mead
concerning the guns used in the commission of this offense.

 Officer Mead simply testified that a gun is considered a firearm and that it meets the definition of a deadly weapon set out
in section 1.07(a)(17)(A) of the penal code. See Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon 1994). The statute itself
states that a firearm is defined as a deadly weapon. Id. However, a gun is not a deadly weapon per se. Davis v. State, 897
S.W.2d 791, 795 (Tex. Crim. App. 1995). In the instant case, however, the evidence confirmed that the guns used were
deadly weapons because of the manner of their use. Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon 1994); see Dunn v.
State, 819 S.W.2d 510, 513 (Tex. Crim. App. 1991). Officer Mead's testimony concerning the guns involved in this case
simply restated what was already obvious from the testimony of Ms. Ramon -- that the guns used in this case were capable
of causing death or serious bodily injury as was evident from the five bullet wounds that she received from the encounter
with appellant and Alvarado.

 Trial counsel's failure to object to the testimony of Officer Mead was probably based on the fact that there was no reason to
object. The testimony simply stated the law and the obvious circumstances of the case. Appellant has not established that
but for counsel's failure to object, there is a reasonable probability that the outcome of the trial would have been different.

 After reviewing the entire record, we find appellant received effective assistance of counsel at trial. Appellant's trial
counsel raised pretrial motions, actively participated in juror voir dire, diligently protected the interest of his client by
making objections concerning evidence and testimony throughout the trial, and aggressively presented his client's case
before the court. Appellant's second point of error is overruled.

III. Deadly Weapons Issue


 By his third point of error, appellant complains the trial court abused its discretion by submitting a deadly weapons issue to
the jury. He contends the evidence did not establish there was a gun used in the commission of the offense or that he
actually shot Ms. Ramon.

 Article 36.19 of the code of criminal procedure prescribes the manner in which jury charge error is reviewed on appeal. 
Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
First, the appellate court must determine whether error exists in the jury charge. Second, the appellate court must determine
whether sufficient harm was caused by the error to require reversal. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App.
1996); Abnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994).

 The jury charge must allow the jury to determine the defendant's guilt in light of the evidence and the law. Hutch, 922
S.W.2d at 170; Benson v. State, 661 S.W.2d 708, 715 (Tex. Crim. App. 1982). In a case where the law of parties is
involved, the affirmative finding must show that appellant used or exhibited a deadly weapon, Flores v. State, 690 S.W.2d
281, 283 (Tex. Crim. App. 1985), or that appellant knew that the deadly weapon would be used or exhibited. Pritchett v.
State, 874 S.W.2d 168, 173 (Tex. App.--Houston [14th Dist.] 1994, pet. dism'd w/op. pet. ref'd).

 After defining the terms "deadly weapon," "serious bodily injury," and "firearm," the court's charge stated:

Now if you find the Defendant guilty and you further find beyond a reasonable doubt that the Defendant used or exhibited a
deadly weapon during the commission of the offense or during immediate flight therefrom, or if you believe beyond a
reasonable doubt that the Defendant was a party to the offense and knew that a deadly weapon would be used or exhibited,
you will state in your verdict, but if you do not so find or if you have a reasonable doubt thereof, you will state that the
Defendant did not use or exhibit a deadly weapon during the commission of the offense or during immediate flight therefrom.



 We conclude the trial court did not abuse its discretion when it submitted the deadly weapon issue to the jury because the
jury was presented with evidence throughout the trial concerning the guns that Ms. Ramon saw in the hands of appellant
and Alvarado; the guns that were used to shoot Ms. Ramon five times. Though the guns were never found, the jury is the
exclusive judge of the credibility of the witness and of the weight to be given Ms. Ramon's testimony concerning the guns. 
See Penagraph, 623 S.W.2d at 343.

 We hold the trial court did not commit error by submitting the deadly weapons issue to the jury. Appellant's third point of
error is overruled.

 The judgment of the trial court is affirmed.





FEDERICO G. HINOJOSA


Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 27th day of May, 1999.