Jerry Jerome BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45043.

Court of Criminal Appeals of Texas.

June 14, 1972.

On Motion to Reinstate Appeal
Sept. 25, 1972.

Rehearing Denied Nov. 8, 1972.

Harold B. Clapp, Michael A. Hatchell, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed punishment at twelve years.

■ The court-appointed attorney for the appellant has filed a brief in this Court in which he states "a careful scrutiny of the record and conferences with the attorneys involved failed to disclose to the appellant's lawyer any basis on which to predicate an appeal."

There is nothing present in the record to indicate that the appellant herein has been furnished a copy of the brief of his attorney or a record in the cause so that he might file a pro se brief in his own behalf.

It is ordered that the trial court make the record and appellant's brief available to appellant so that he might file a pro se brief if he so desires. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493; Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.1969).

For the reason stated, the appeal is abated.

## OPINION

## ON MOTION TO REINSTATE ABATED APPEAL

DALLY, Commissioner.

The indigent appellant has now filed a brief in his own behalf and additional counsel appointed by the trial court after the appeal was abated has filed a brief in

behalf of the appellant. The motion to reinstate the appeal is granted.

We find the appellant's attack upon the sufficiency of the evidence to be without merit.

■ An Episcopal priest, Donald A. Sheffield, who resided at Henderson, Texas, had been doing Christmas shopping in Dallas. On his way home late in the evening, December 23rd, he became hungry and decided to stop and eat in Tyler. He observed the appellant along the road, stopped, and asked him if he knew a place that was open at that late hour where he could find something to eat. The appellant told Sheffield that he knew an all-night eating place that was close to the appellant's house and that if Sheffield would take him home he would direct him to the place. As they traveled along, the appellant continued to tell Sheffield that it was just a little bit further, finally directing Sheffield into what Sheffield described as a deserted area. Sheffield became frightened, turned the car around and commenced driving at a high rate of speed. Appellant told Sheffield he was driving too fast and that he wanted to get out of the car. Sheffield said he gladly stopped, but as he stopped the appellant pulled a knife and asked Sheffield to give him his money. Sheffield got out of the car and the appellant chased Sheffield around the car, then as Sheffield ran from the car, the appellant grabbed him and hit him twice, once on the right side of the head. Appellant again demanded that Sheffield give him the money and said he would kill him if he did not. Sheffield ran up into a churchyard where the appellant caught him and again told Sheffield that he was going to kill him if Sheffield did not give him his money. Appellant then took two swings at Sheffield with the knife, which Sheffield dodged. Sheffield reached in his pocket and threw what money he had in his pants' pocket on the ground. The appellant left with the money.

A fingerprint identification expert testified that he found fingerprints, which he identified as the appellant's, on a chrome strip over the door of Sheffield's automobile.

The appellant did not testify in his own behalf but offered several witnesses who testified to an alibi defense. The jury rejected the appellant's defense and resolved the disputed issues against the appellant. We find the evidence amply sufficient to support the jury's verdict.

■ One of the grounds of error is that "The trial court, at the hearing on punishment, erred in admitting into evidence appellant's prior criminal record." The appellant does not explain the basis for this ground of error. When certified copies of an indictment, judgment and sentence reflecting the conviction of Jerry Jerome Brown for the offense of "theft from person" were offered, defense counsel stated there was no objection to the admission of the instruments. Error is not shown.

■ Another ground of error is that "The trial court erred in permitting the State to introduce fingerprints allegedly removed from the car of the victim of the crime with which appellant was charged." No explanation is made for this ground of error and we find it without merit.

■ The grounds of error which assert that the trial counsel gave ineffective assistance and that evidence beneficial to the appellant was suppressed are wholly unsupported by the record. These grounds of error are based upon a wholly different version of the facts which are alleged in the appellant's pro se brief. Considering the record properly before us, these grounds of error are without merit.

The judgment is affirmed.

Opinion approved by the Court.