**Michael Oris WARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49841.

Court of Criminal Appeals of Texas.

April 30, 1975.

Robert S. Liddle and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Jay Ethington, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted by a jury of robbery by assault and sentenced by the court to twenty years' imprisonment.

The complainant, Eugene Dry, testified that he was employed by Frankford Properties as a property manager and that on December 8, 1973, he was in Dallas on business. While there, he was residing in

an apartment complex owned by his employer.

On the day in question the complainant was returning to his apartment carrying a television set he had just rented when he was attacked by two men standing in a breezeway of the apartment complex. The men beat the complainant with their fists and a nightstick, knocked him to the ground, took his wallet, and fled.

As the complainant began a pursuit of his attackers he noticed two witnesses to the assault standing on a balcony nearby. These two men also attempted to follow the suspects. While the complainant called the police, the two witnesses continued their pursuit by automobile. They returned in fifteen or twenty minutes and told the complainant that the suspects had been involved in an automobile accident nearby. The complainant then went to the scene of the accident; he identified the appellant as one of his attackers, both at the scene of the accident and at the time of trial.

Appellant's first ground of error alleges that the State improperly impeached his reputation for truth and veracity.

The appellant took the stand and denied the commission of the offense. On cross-examination the State was permitted to ask the appellant if he had been "convicted of the felony offense of breaking and entering a motor vehicle down in Smith County . . . and received a two year probated sentence." The appellant answered in the affirmative, and the prosecutor then asked if appellant had made an application for probation in the instant cause. The appellant again answered affirmatively, and the prosecutor then asked:

"Now in that application for probation, does it not state that, 'I, the Defendant in the above entitled cause represent to the Court that he is the Defendant in said cause and has never been convicted of a felony in this or any other state?'"

Again the appellant answered, "Yes, sir." Appellant objected in a timely fashion to the propounding of each of these questions.

Appellant concedes that the State's use of the Smith County probated sentence as impeachment evidence was permissible. Art. 38.29, Vernon's Ann.C.C.P. He argues, however, that the appellant's application for probation, as evidence of what appeared to be perjury, was inadmissible as a specific prior act of misconduct. See, e. g., Webber v. State, 472 S.W.2d 136 (Tex. Cr.App.1971).

■ The appellant admits in his brief, however, that his objections at trial merely requested that this issue not be considered until the punishment stage of the trial. He did not call to the trial court's attention the objection he now presents as a ground of error on appeal. Nothing is presented for review. Gondek v. State, 491 S.W.2d 676, 677 (Tex.Cr.App.1973); Sloan v. State, 515 S.W.2d 913, 915–916 (Tex.Cr. App.1974).

■ However, even if the ground had been properly preserved, error would not be shown. The State, as noted, was within the guidelines of Art. 38.29, supra, in using the Smith County conviction as a basis for impeaching the appellant. E. g., Huffman v. State, 479 S.W.2d 62, 67 (Tex.Cr.App. 1972); Burson v. State, 511 S.W.2d 948, 950 (Tex.Cr.App.1974). The prosecutor then chose to impeach appellant further by showing the prior inconsistent statement contained in the appellant's application for probation. Clearly, this was admissible to impeach the appellant's character for truth and veracity. De Witt v. State, 114 Tex. Cr.R. 59, 61, 24 S.W.2d 403, 404 (1930). Cf. Davidson v. State, 386 S.W.2d 144, 148–149 (Tex.Cr.App.1965); Griffin v. State, 455 S.W.2d 298, 300 (Tex.Cr.App. 1970).

Appellant's first ground of error is overruled.

■ Appellant's remaining ground alleges error in the admission of hearsay tes-

**230**

timony elicited from the complainant concerning the identification of appellant by the two eyewitnesses, neither of whom testified at trial. An examination of the record clearly reveals that appellant did not make his objection in a timely fashion. The prosecutor was permitted to ask two questions after the hearsay was elicited; it was at this point that the appellant objected. Nothing is preserved for review. E. g., Webb v. State, 480 S.W.2d 398, 400 (Tex.Cr.App.1972).

The judgment is affirmed.

ODOM, J., concurs in the results.