**Townsel MYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81–017–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 29, 1981.

Neal Dancer, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for murder. The jury assessed the punishment at seventy-five years.

The sole ground of error urged by the defendant's counsel is that the conviction is fundamentally invalid "because the charge did not submit and the main verdict therefore did not establish the essential element of murder constituted of the negative fact that defendant in killing deceased did not act upon sudden passion from adequate cause."

The facts show that the defendant, with two companions, drove his automobile to a convenience store. As they approached the store, the defendant saw a green car in which the deceased was a passenger. There was evidence that the deceased and the defendant had been involved in several violent altercations in the past. As the defendant neared the green car, the deceased exhibited a pistol. At the request of Charles Canada, a passenger in the defendant's car, the defendant stopped his car and Canada got out. The defendant then proceeded to follow the green car. When the defendant pulled his car alongside the green car he again saw the deceased holding a pistol. The defendant then pointed a shotgun at the deceased and fired. The deceased was struck in the head and died shortly thereafter.

The trial court charged the jury as follows:

"IV

[The murder paragraph]

Now if you should find and believe from the evidence beyond a reasonable doubt that on or about the 30th day of June, 1978 in Nueces County, Texas, the Defendant, Townsel Myers, did intentionally and knowingly cause the death of Richard Hopkins, by shooting him with a firearm, as alleged in the indictment, then you will find the Defendant guilty of murder.

VI

[The voluntary manslaughter paragraph, in pertinent part]

If you find and believe from the evidence beyond a reasonable doubt that on or about the 30th day of June, 1978 in Nueces County, Texas the Defendant, Townsel Myers, did intentionally or knowingly cause the death of Richard Hopkins by shooting him with a firearm, ... but you further find and believe from all the facts and circumstances in evidence in the case, *or you have a reasonable doubt thereof*, that the Defendant, in killing the deceased, if he did, *acted under the immediate influence of sudden passion arising from an adequate cause, then you will then find the Defendant guilty of* voluntary manslaughter." [emphasis added]

■ The sudden passion element is the distinguishing fact between murder and voluntary manslaughter. Tex.Penal Code Ann. § 19.04(a) (1974). In *Braudrick v. State*, 572 S.W.2d 709, 710 (Tex.Cr.App. 1978), the court held that the absence of sudden passion is *implied* in the statutory definition of murder and "[o]nly if the evidence raises the issue of voluntary manslaughter as a lessor included offense (see art. 37.09(1), V.A.C.C.P.) must the implied element be charged." The court further held that the implied element, i.e., the absence of sudden passion, need not be charged as an element in the murder paragraph if it is adequately charged in the voluntary manslaughter paragraph.

■ The charge, in the case at bar, instructed the jury to find the defendant guilty of voluntary manslaughter if it found, or had a reasonable doubt thereof, that the defendant killed the deceased under the immediate influence of sudden passion. If the jury determined that the defendant was not acting under a sudden passion, it had the burden of finding the defendant guilty of murder, or not guilty of any offense charged. A finding that the defendant was guilty of murder was necessarily a finding that he was not acting under sudden passion. The defendant's ground of error is, therefore, overruled.

The defendant filed a pro se supplemental brief in which he challenges the sufficiency of the evidence to support the verdict. In considering this ground, we view the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Cr.App.1976).

■ The defendant did not deny shooting the deceased. He alleged that he did so out of fear for his own life. The evidence, on the other hand, shows that the defendant, rather than the deceased, was the aggressor on the fatal day. Charles Canada, the passenger let out of the defendant's car just prior to the shooting, testified that after he was let out, the defendant drove at a high rate of speed towards the car in which the deceased was a passenger. Freddie Gardner, the driver of the green car, gave testimony that supported that of Canada. The defendant testified that when he first saw the deceased exhibit a pistol, rather than turn his car around and avoid another altercation, he followed the deceased. The defendant testified as follows:

"Q Didn't it ever occur to you to turn back and head on the other way? Head in a westerly direction in Greenwood, or—

A No, sir, I didn't want to turn around—

Q You didn't want to turn around—

A —'cause I was going out to Texas Star to get me some beer.

Q Oh, okay. Did it ever occur to you—

A Why should I burn gas and turn around for somebody?

Q You weren't going to turn around for somebody?

A They weren't paying for my gas.

Q You didn't want to waste your gas?

A To turn around? No, sir, I wasn't bothering them, so I figured I'd keep going. They had no business pulling the gun on me again. I just let that slide. I wasn't looking for no trouble when I kept going.

Q You just let that go by?

A Yes.

Q You didn't think they were going to shoot you?

A I just let that slide. And the second time when I got further down, that's when I took it into consideration that he wasn't playing.

Q The second time he pointed the gun at you, you figured he wasn't playing?

A Right.

Q And the second time when he had his arm out, that's when you—

A Grabbed it and fired.

Q —reached back and grabbed it and fired, and he didn't have a chance to fire his gun?

A Not that I know of, sir. It happened so quick."

We hold that this and other evidence in the record is sufficient to support the verdict. The ground of error raised in the defendant's pro se brief is overruled.

The judgment of the trial court is AFFIRMED.