Franklin Urban LAMBERT, Appellant,

v.

STATE of Texas, Appellee.

No. 12–81–0099–CR.

Court of Appeals of Texas,
Tyler.

Feb. 24, 1983.

Roy Beene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

COLLEY, Justice.

Appellant was convicted by a jury of the offense of attempted murder and, at appellant's election, punishment was assessed by the trial judge at twenty years confinement in the Texas Department of Corrections. Appellant's motion for new trial (at which no evidence was offered) was overruled, sentence was pronounced and appellant timely gave notice of appeal.

Appellant presents fourteen grounds of error (brief prepared and filed by counsel appointed for purposes of this appeal).

In his first ground appellant contends that the indictment is fundamentally defective in that said indictment failed to allege that appellant "... having at the time [of stabbing the victim] the specific intent to commit the murder of Vickie Benoit." Appellant's argument seems to be that a "specific intent" rather than a "general intent" is required under Section 15.-01(a), V.T.C.A., Penal Code,[1] citing *Price v. State,* 523 S.W.2d 950 (Tex.Cr.App.1975). *Price* construed former Article 1160a, Vernon's Annotated Penal Code, describing the offense of "deadly assault on a peace officer" and holding that failure to allege "with intent to murder" rendered the indictment fatally defective because the intent to murder the assaulted peace officer was a material part of the statutory description of the offense. Omitting the formal parts, the indictment in the instant case reads: "... [defendant] did then and there unlawfully attempt to cause the death of Vickie Benoit by cutting and stabbing her with a knife, *having the intent to commit murder.*" (Emphasis added.) The indictment does in fact allege a specific intent required by Section 15.01(a).

Appellant also cites *Baldwin v. State,* 538 S.W.2d 615 (Tex.Cr.App.1976), and *Telfair v. State,* 565 S.W.2d 522 (Tex.Cr.App.1978), in support of his argument that a "specific intent to commit an offense" must be alleged in any indictment charging criminal attempt under Section 15.01(a). *Baldwin* is not in point since it involves attempted murder under Section 19.02(a)(2) and Section 15.01(a), while in the case before us the indictment charges the attempted murder of Vickie Benoit under Section 19.02(a)(1) and Section 15.01(a). . *Telfair,* as well as *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr. App.1978), dealt with indictments charging attempted murder in the language, "... attempted to cause the death ...." and the indictments in *Telfair* and *Dovalina* were upheld without the allegation found in the indictment in this cause, "... having the intent to commit murder."

There is no merit to ground one and it is overruled.

In ground number two appellant attacks the sufficiency of the evidence to support the conviction. The gist of appellant's argument under this ground is that there was no evidence adduced before the jury of a specific intent to cause the death of the victim in this case.

A brief discussion of the evidence is necessary to an understanding of our disposition of this ground. On September 7, 1978, (date of offense) appellant went to the home of the victim Vickie Benoit, a sixteen-year-old white female living with her mother, Mary Lambert, a brother, Jay, and a sister, Janet. Appellant and the victim's mother were recently divorced, and the victim's mother had since the divorce, and perhaps before, been keeping company with another man, George Parke, who was also present in the home of the victim on the date of the offense. Another brother of the victim, Dale Benoit, was also present in the home on the date of the offense. When

1. All references herein unless otherwise stated are to Vernon's Texas Code Annotated Penal Code.

appellant knocked on the door of the residence, Mary Lambert went to the front door, opened it and talked to appellant briefly and then she advised him she would get his mail, which she did. Appellant asked Mary Lambert for a cup of coffee and was advised by Mary, "I don't think so." Appellant apparently at that point became angry, stated "You don't know it yet, but you're going to die," and attacked Mary twice with a knife, inflicting serious bodily injury upon her. Mary managed to escape and fled down a hallway in the home towards the rear of the residence. Appellant pursued her and while he was in the hall he encountered Vickie Benoit, the victim in this case, and stabbed her once in the abdomen and then in the back with a pocket knife. The weapon was introduced into evidence. Appellant, after stabbing Mary Lambert a third time, then attacked Dale Benoit and George Parke with the same knife. Mary Lambert testified at trial that appellant hated Vickie and that he was a very heavy drinker and was "short tempered." Mary further testified that appellant had "chased" Vickie Benoit from the home on one occasion. The stab wound to Vickie's abdomen penetrated the abdominal cavity and perforated her "bowels" requiring surgery to repair the bowel and construction of a temporary colostomy. Vickie was in intensive care for over two months for care and treatment of her injuries. Medical records demonstrate that Vickie suffered serious bodily injury. Medical evidence introduced at trial shows that the stab wound to Vickie's abdomen produced "massive abdominal hemorrhage" and the evidence clearly establishes that Vickie would have died without surgical intervention.

A State's witness, David Mullican, a veteran of fifteen years experience in police investigation of crimes against persons testified that the knife used by appellant in stabbing Vickie in the abdomen was a deadly weapon, that is, the manner of its use against Vickie made it capable of causing death or serious bodily injury to Vickie.

Viewing the evidence shown by this record in a light most favorable to the verdict compels us to the conclusion that a rational trier of the facts could have found that such evidence established beyond a reasonable doubt each element of the offense, including intent to cause the death (murder) of Vickie Benoit. Appellant's second ground of error is overruled.

By grounds three, four and five appellant complains that the trial court erred: (3) in failing to instruct the jury "... as [to] the State's burden of proving that appellant was not acting under the immediate influence of sudden passion;" (4) "... its instruction improperly shifted the burden of proof on the issue of under the immediate influence of sudden passion"; (5) "... in improperly instructing the jury as to the appellant's burden of proving that he acted under the immediate influence of sudden passion." In appellant's argument under these grounds he contends that the court's charge is fundamentally defective because "[T]he charge fails to require the jury to find beyond a reasonable doubt that appellant was not acting under the immediate influence of sudden passion arising from an adequate cause before it [sic] could convict him of the attempted murder," citing *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980). Appellant misreads *Ayers*. The charge in that case, as in this case, in its application of the law to the facts in charging on murder, failed to require the jury to find beyond a reasonable doubt that the defendant was not acting under the immediate influence of sudden passion arising from an adequate cause; but the charge in *Ayers*, like the charge in this case, charged the jury that if they were convinced that the defendant was guilty of either murder in *Ayers* (attempted murder here) or voluntary manslaughter in *Ayers* (attempted voluntary manslaughter here), they should resolve that doubt in defendant's favor and find him guilty of voluntary manslaughter (attempted voluntary manslaughter here). The *Ayers* decision does not support appellant's contention that the charge in this case is fundamentally defective.

The charge given in this case on attempted voluntary manslaughter is, as the State argues, virtually identical with the charge on voluntary manslaughter given in *Braudrick v. State,* 572 S.W.2d 709 (Tex.Cr.App. 1978). Appellant's contentions made under his grounds three, four and five here were rejected by the Court of Criminal Appeals in *Braudrick, supra;*[2] *see also, Myers v. State,* 626 S.W.2d 86 (Tex.App.-Corpus Christi 1981, no pet.). Appellant's grounds three, four and five are overruled.

■ By grounds six, seven and eight appellant complains of the admission into evidence of certain photographs of the crime scene. At trial objection was made to the admissibility of three photographs (State's exhibits thirteen, fourteen and twenty-five) on the grounds that they were ". . . highly inflammatory and not relevant to the resolution of any disputed fact issue." The exhibits, each of which showed blood stains, in our judgment are not gruesome, but in any event, photographs of the crime scene are admissible if a verbal description of the same scene is admissible and the photographs fairly and accurately depict the scene at a relevant time and place. *Fobbs v. State,* 468 S.W.2d 392 (Tex.Cr.App. 1971); *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972). In *Martin* the Court of Criminal Appeals, after consulting decisions of several other states on the point, changed the Texas rule in criminal cases as to the admissibility of photographs which might be considered gruesome or tend to arouse passions of the jury, holding that unless a photograph is offered solely for the purpose of inflaming the minds of the jury it is admissible if a verbal description of the same scene is admissible. The question of admissibility rests in the sound discretion of the trial court. *Welch v. State,* 576 S.W.2d 638 (Tex.Cr.App.1979).

We have examined the photographs which are subjects of appellant's objections and finding nothing in the three photographs calculated to inflame the minds of reasonable jurors, we hold that the trial judge did not abuse his discretion in admitting the same into evidence at trial. Grounds six, seven and eight are therefore overruled.

■ Next, in grounds nine, ten, eleven and twelve, appellant complains of the action of the trial court in sustaining the State's objection to certain questions asked by appellant on the cross-examination of the State's witnesses, Mary Lambert and Dale Benoit. In appellant's statement under these grounds he sets forth numerous questions, which we deem not necessary to recite here, asked by him of the State's witnesses mentioned above to which objections were sustained by the trial court. Appellant in his argument characterizes the information sought to be elicited by his cross-examination of such witnesses as admissible under Section 19.06. Some of the questions and the information sought might have been admissible thereunder; however, no informal bill of exception was made and no formal bill of exceptions under Article 40.09 6(c), V.A.C.C.P., was requested or made by appellant at trial to show what answers would have been given by these witnesses in response to the questions propounded by appellant. Since we do not have the information before us, it is impossible for us to render a decision thereon and, as the State argues, nothing is presented for review. *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App.1977). Grounds numbers nine, ten, eleven and twelve are overruled.

■ Appellant's ground thirteen reads: "The trial court committed reversible error in failing to consider appellant's *pro se* motion for continuance in which appellant made substantial accusations concerning the unpreparedness of his appointed counsel." No evidence was introduced before the trial court by the defendant on his motion for continuance. The motion was not urged until after the trial had begun and therefore the provisions of Article 29.-13, V.A.C.C.P., were applicable, as pointed out by the State. Under the record in this

---

**2.** See *Braudrick* for a cogent, concise and well-organized discussion by Judge Odom of the statutory and implied elements of the offense of murder under Sections 19.02(a)(1) and 19.04.

case we conclude that since no evidence was offered in support of any ground of the motion for continuance, the trial court did not abuse its discretion in overruling the same. *Garcia v. State,* 581 S.W.2d 168 (Tex.Cr.App.1979). Appellant's ground of error thirteen is overruled.

Appellant's ground of error number fourteen reads: "Appellant was denied effective assistance of counsel by the failure of his appointed counsel to subpoena witnesses on appellant's behalf." In passing on the question of the effective assistance of counsel, the Court of Criminal Appeals has stated that counsel is charged with a responsibility of making an independent investigation of the facts and circumstances surrounding the offense. *Ex parte Ewing,* 570 S.W.2d 941 (Tex.Cr.App.1978); *compare, Rummel v. Estelle,* 590 F.2d 103 (5th Cir.1979), affirmed 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). It is clear also by the pronouncements of the Court of Criminal Appeals that counsel has a responsibility to present each defense possible by producing all evidence available. *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr.App.1977) at page 68.

The appeal on this ground is based solely on allegations made by the appellant in his *pro se* motion for continuance urged on the day of trial and his *pro se* motion for new trial together with the two supplements thereto. No evidence was offered by the appellant on either of such motions. We do not have before us in the record any facts upon which we may determine the merits if any, of appellant's claim of ineffective assistance of counsel made in ground fourteen. Nothing is presented for review. *Lyles v. State,* 582 S.W.2d 138 (Tex.Cr.App.1979).

Appellant has filed, and we have considered, a *pro se* brief in which he contends that he was denied effective assistance of counsel at trial because his court-appointed trial attorney failed: (1) to urge the insanity defense and (2) to investigate the case prior to trial. The record does not show any facts upon which we could determine the merits of appellant's contentions. No reversible error is presented. The judgment of the trial court is affirmed.