David **RUSSELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–85–01378–CR.

Court of Appeals of Texas, Dallas.

May 11, 1987.

David Russell, pro se.

Richard A. Anderson, Dallas, for appellant.

Jeffrey B. Keck, Dallas, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

THOMAS, Justice.

This is an appeal from a conviction for burglary of a habitation. The jury assessed punishment at seventy-five years' confinement.

The court-appointed attorney for appellant has filed a brief in this Court in which he states that "after thorough examination of the transcript and statement of facts", he can find no grounds of error that can be legitimately supported by the record. The brief further presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, as required by *Anders v. California,* 386 U.S. 738, 743, 87 S.Ct. 1396, 1399,

18 L.Ed.2d 493 (1967). *See also High v. State,* 573 S.W.2d 807, 810 (Tex.Crim.App. 1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App.1974); *Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App.1969). Appellant was provided a copy of the brief. The attorney at the same time advised appellant that he had the right to review the record and to file a pro se appellate brief should he so desire.

Appellant contends in the pro se brief that the trial court erred by denying him a copy of the transcript and statement of facts. We disagree and, accordingly, affirm.

A trial judge has a duty under the federal and state constitutions to provide an indigent defendant with an adequate record on appeal. *Abdnor v. State,* 712 S.W.2d 136, 139 (Tex.Crim.App.1986). However, there is no duty to furnish a defendant with his own personal copy of the record when appointed counsel has been provided a copy and counsel files an *Anders* brief. The only duty that the trial judge has in the event that counsel, appointed or retained, files an *Anders* brief is to make the record *available* to the defendant for the purpose of filing a pro se brief. *See Brown v. State,* 485 S.W.2d 914, 915 (Tex.Crim.App.1972); *Price v. State,* 449 S.W.2d 73, 74 (Tex.Crim.App.1969); *Gainous v. State,* 436 S.W.2d at 138.

In this case, pursuant to our order, the trial court has filed findings of fact setting forth how the record was made available to appellant. Those findings show that appellant reviewed the record over a two-day period. Part of the time appellant reviewed the record in the jury room of the trial court, and part of the time appellant reviewed the record in a "holdover cell area." At the end of the second day, appellant advised the trial court that he had completed his review of the record. The trial record consists of one volume of the clerk's transcript, and one volume of the statement of facts. Therefore, it appears that the judge fulfilled his obligation to make the record available to appellant.

Accordingly, appellant's point of error is overruled.

We have carefully reviewed the record, counsel's brief, and appellant's pro se brief and hold that the appeal is frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal.

The judgment is affirmed.