**David Carroll BARNETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–86–480–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 11, 1987.

**344**

Cathleen R. Riedel, College Station, for appellant.

William R. Turner, Todd Jermstad, Bryan, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for murder. Appellant pled not guilty to the offense, was tried by a jury and found guilty as charged. His punishment was assessed by the jury at life imprisonment in the Texas Department of Corrections. We affirm.

The record reveals that Appellant and his wife, Neva Barnett, were experiencing marital problems during the Fall of 1985. Appellant became physically violent toward Mrs. Barnett and in September 1985, he threatened her with a gun. Mrs. Barnett filed for divorce on November 21, 1985, and obtained a Temporary Restraining Order against Appellant. The order prohibited Appellant from entering the Barnett home and required him to pick up the two children for visitation from a relative or neighbor rather than Mrs. Barnett.

On December 12, 1985, Appellant purchased a .38 revolver and ammunition. That same day he talked to his friend, Mr. Ray Hill, showed him the gun and told him that he planned to kill Neva Barnett and then kill himself. Appellant had visitation with the children from December 13 to December 15, 1985. During the afternoon of December 16, 1985, Appellant rented a car at the local airport and drove it to Neva Barnett's place of employment. He walked into the building, loaded his gun in the hall and walked into the office brandishing the gun. When he located his wife, he dragged her by the arm into the back office and shot her five times. She died from massive bleeding. Appellant left the building and drove to Hill's store and informed Mr. Hill that he had shot his wife. He also called his sister and told her that he had killed his wife. He then drove to the airport where he asked a pilot to fly him to Houston or to the Bahamas. The pilot refused and later that evening Appellant turned himself in to the Hearne police.

Appellant asserts five points of error. In point of error one, he contends that the trial court erred in excluding evidence intended to show Appellant's relationship with the victim and his state of mind during the three days preceding the offense. Appellant attempted to question Appellant's sister about "problems" in getting visitation with his children the weekend prior to the offense. The trial court sustained the State's objection to the relevancy as Appellant was not denied visitation.

Appellant asserts that the excluded testimony was admissible under Section 19.06 of the Penal Code as evidence to show the state of mind of the accused at the time of the offense. He maintains that the trial court's ruling prevented him from fully developing the events that affected his state of mind and led to the shooting. However, the record reflects that there was testimony from this and other witnesses as well as Appellant himself regarding the sequence of events, the family turmoil and Appellant's mental condition during the period preceding the death of Neva Barnett.

The determination of whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court and will not be disturbed unless a

clear abuse of discretion is shown. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim.App.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Even if the testimony had been relevant, Appellant failed to make a bill of exception preserving the excluded testimony for the record. Therefore, this court has no basis for determining its admissibility. Nothing is presented for review. *Toler v. State*, 546 S.W.2d 290, 295 (Tex.Crim.App.1977); *Rumph v. State*, 687 S.W.2d 489, 492 (Tex. App.—Houston [14th Dist.] 1985, no pet.); *Hoffart v. State*, 686 S.W.2d 259, 263 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd), *cert. denied*, —— U.S. ——, 107 S.Ct. 95, 93 L.Ed.2d 46 (1986); *Lambert v. State*, 649 S.W.2d 689, 692 (Tex.App.—Tyler 1983, no pet.). Point of error one is overruled.

■ In point of error two, Appellant contends that he was harmed by the exclusion of evidence that he was unable to complete a chemical abuse program. He asserts that this testimony was relevant to show his state of mind and his marital difficulties.

The record reflects that defense counsel, pursuant to the State's Motion in Limine, approached the bench and informed the trial court that he intended to elicit testimony that Appellant left an alcohol abuse program because of his marital problems. The State objected that this testimony was evidence of diminished mental capacity and was inadmissible. After some discussion on the subject, the defense counsel concluded:

> "Judge, I would—I somewhat agree with what he is saying. As a concession to that, I will tie up this emotional upheaval I was trying to show. Okay, I won't talk about Scott and White [the alcohol abuse program]. I won't even bring it up. If I could be allowed to ask one or two more questions, so it looks like I didn't abort."

Defense counsel voluntarily abandoned that line of questioning, therefore, nothing is presented for review. Point of error two is overruled.

In point of error three, Appellant argues that the trial court committed reversible error in overruling his objection to evidence concerning Appellant's extramarital activities.

■ During the State's cross-examination of Appellant's sister, the prosecutor asked whether she was aware that Appellant had an affair with a Ms. Laura Hudson. The defense objected to the question on the basis that the witness had already testified that she did not know this person. The prosecutor agreed to change his line of questioning and no ruling on the objection was made by the court. No error is preserved for review. *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim.App.1979); *Adams v. State*, 577 S.W.2d 717, 720 (Tex. Crim.App.1979), *reversed*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). Thereafter, the prosecutor asked the witness whether she knew several women who had previously worked with Appellant at a radio station. The witness indicated that she did not know any of these persons. After these questions had been asked and answered, Appellant objected to the State's line of questioning. Although the nature of the objection is not entirely clear, it appears that Appellant's objection was to the relevancy of the questions and the inflammatory effect of implying that Appellant had other extramarital affairs.

■ Appellant apparently assumed that the State intended to pursue the subject of Appellant's extramarital activities and to imply that he had a relationship with each of these named women. However, the State merely inquired into the witness' own acquaintance with Appellant's co-workers and did not ask whether Appellant had affairs with any of them. The trial court found the evidence relevant and admissible. The determination of relevancy is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Johnson v. State*, 698 S.W.2d at 160. Point of error three is overruled.

In his fourth point of error, Appellant contends that the trial court erred in admitting evidence concerning Appellant's gun collection because the guns in the collection were unrelated to the offense.

A witness testified that Appellant owned a gun collection; however, she could not identify the State's exhibit presented to her as one of those guns. Appellant objected that the gun should not be exhibited before the jury if the witness was unable to identify it. The State's attorney asserted that it was proper to ask the witness if she had heard Appellant talk about any of the guns in the collection. Appellant did not obtain a ruling on this objection. The State then showed the witness three more guns and asked if Appellant had talked about them. After several minutes of testimony Appellant objected to the display of guns not yet admitted into evidence. The State then agreed to remove the guns until they were introduced into evidence. Again, Appellant failed to obtain a ruling on the objection. The witness then testified that Appellant told her that he had pulled a gun on Mrs. Barnett and that afterwards the guns in his collection were removed from the Barnett home. Appellant subsequently identified the guns and they were introduced into evidence without objection. Appellant also testified about the incident during which he threatened Mrs. Barnett with one of those guns.

■■■ Appellant's objection at trial was to the exhibition of the weapons before the jury prior to their identification and admission into evidence. His point of error on appeal is that the evidence of the guns was irrelevant and prejudicial to Appellant. The point of error presented on appeal must comport with the objection at trial. If it does not, nothing is presented for review. *Thomas v. State*, 701 S.W.2d 653, 659 (Tex.Crim.App.1985); *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Crim.App.1978). Further, we find that any error was cured by Appellant's subsequent identification of the guns and his testimony regarding the guns. Error, if any, in the admission of evidence is cured where the same evidence is introduced from another source. *Womble v. State*, 618 S.W.2d 59, 62 (Tex.Crim. App.1981); *Murray v. State*, 683 S.W.2d 759, 761 (Tex.App.—Houston [14th Dist.] 1984, no pet.). In addition, Appellant also failed to obtain an adverse ruling on these objections. Nothing is presented for re-

view. *Nastu v. State*, 589 S.W.2d at 441; *Adams v. State*, 577 S.W.2d at 720. Point of error four is overruled.

In his final point of error, Appellant contends the trial court erred in overruling his objection to testimony that Appellant previously threatened to kill a former lover.

■■■ Appellant admitted having an extramarital affair with Mrs. Laura Hudson Ling. However, Appellant denied certain aspects of that affair. He denied that the affair occurred while his wife was pregnant; he denied that he knew that Laura Hudson became pregnant as a result of that affair; and he denied that he gave her money to pay for an abortion. He also testified that Laura "was sleeping around" with others at the time he was having an affair with her. Thereafter, the State called Laura Hudson Ling as a rebuttal witness. She testified that she had an affair with Appellant while Appellant's wife was pregnant and that she also became pregnant by Appellant. She testified further that she told Appellant about her pregnancy and he paid for the abortion. The prosecutor then asked:

Q: When David Barnett was having this affair with you, did he ever talk to you about sleeping with anybody else— about you sleeping with anybody else?

A: He told me that if I slept with anybody else, he would kill me. That included my husband.

Q: You were nineteen (19) years old, at the time?

A: (Nodded affirmatively.)

MR. TURNER [Prosecutor]: Pass the witness.

MR. QUINN [Defense Counsel]: Judge, could we approach the bench?

The defense counsel then objected that this threat constituted an extraneous offense and was a violation of Appellant's Motion in Limine. The court overruled Appellant's objection. We conclude from our examination of the record that the question was legitimately posed in an effort to rebut and discredit Appellant's testimony. Appellant, by his own testimony, opened the door to the State's questioning concerning his ex-

tramarital affair with Laura Hudson Ling and the facts surrounding it. Further, the witness' answer was not responsive to the State's question. We do not find the State violated the Motion in Limine.

However, we do find that Appellant failed to timely object. The witness had answered two questions and the State had passed the witness before Appellant objected. An objection must be made as soon as the ground of objection becomes apparent in order for the error to be preserved for review. *Thompson v. State*, 691 S.W.2d 627, 635 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). A motion in limine alone will not preserve error. For error to be preserved with regard to the subject matter of the motion in limine, defense counsel's objection must be timely in order to properly direct the trial court's attention to the error. *Gonzales v. State*, 685 S.W.2d 47, 50 (Tex.Crim.App.1985), *cert. denied*, 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985); *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App.1979); *Clemons v. State*, 681 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Error, if any, was not properly preserved.

Finally, in light of all the evidence adduced regarding Appellant's violence and jealous nature, we cannot say that there is a reasonable possibility that the non-responsive answer caused the jury to improperly find Appellant guilty or to assess an improper punishment. *Johnson v. State*, 660 S.W.2d 536, 538 (Tex.Crim.App.1983); *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Crim.App.1980). Point of error five is overruled.

Accordingly, the judgment of the trial court is affirmed.