Frederick Wayne HOWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00712–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1992.

Jim Steele, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before DUGGAN, O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant entered a plea of guilty to a charge of driving while intoxicated. The trial court assessed punishment at 180 days in the Harris County Jail, probated for two years, and a fine of $100. We affirm.

In his sole point of error, appellant contends that his conviction must be reversed and remanded for a new trial, since he entered an involuntary plea because of ineffective assistance of counsel. Appellant

argues that he desired to plead "not guilty" and contest the driving while intoxicated charges and an open container allegation filed against him. In his brief, appellant states that he felt he was not intoxicated; that he had a number of witnesses to that fact and to his actions prior to his arrest; that he passed two intoxilyzer tests; that he exhibited near perfect performance in a series of videotaped motor skills tests; and that there was no open container of an alcoholic beverage in his vehicle at the time of his arrest. Appellant also maintains that he was coaxed into a plea because his retained counsel told him that he would go to jail for at least 30 days and maybe six months, based on the open container allegation, and that he would be able to appeal his case and win on the issue of double jeopardy. He further claims that he refused to go along with this plea, but his counsel, after negotiating with the district attorney, returned and informed appellant that, in return for his plea of guilty on the driving while intoxicated case, the State would drop the open container paragraph; he would not go to jail; and he would win the driving while intoxicated case on appeal. Appellant states that he reluctantly agreed.

Appellant also contends in his brief that his counsel failed to view his video, interview his fact witnesses, subpoena the results of his breath tests, adequately prepare and present his factual or statutory defense to the driving while intoxicated charge or the open container allegation, and failed to adequately present and appeal appellant's plea in bar on the grounds of jeopardy.

In the present case, there was no motion for new trial filed in the trial court and no hearing on appellant's claim of ineffective assistance of counsel. Because appellant's assertions are wholly unsupported by the record before this Court, we overrule the point of error. *Brown v. State*, 485 S.W.2d 914, 916 (Tex.Crim.App.1972); *Burnett v. State*, 784 S.W.2d 510, 514 (Tex.App.—Dallas 1990, pet. ref'd); *Lambert v. State*, 649 S.W.2d 689, 693 (Tex.App.—Tyler 1983, no pet.).

The judgment of the trial court is affirmed.