Leonard Earl BAKER, Appellant,

v.

STATE of Texas, Appellee.

No. 06–94–00193–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 16, 1994.

Decided Nov. 7, 1994.

James L. Clark, Naples, for appellant.

Richard Townsend, County Atty., Daingerfield, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice. ·

This is an appeal of a conviction for delivery of a controlled substance.

The appellant, Leonard Earl Baker, was convicted by a jury and assessed punishment at forty years' confinement. He now raises three points of error: (1) that the trial court denied the defendant his United States and Texas constitutional right to due process due to the State's failure to fully disclose all potential witnesses; (2) that the trial court denied his United States and Texas constitutional right of due process due to the State's failure to preserve a photographic lineup, and (3) that the trial court erred in allowing the testimony of Karen Ozymy regarding what she was told by an unidentified black female.

Evidence was introduced to show the following: officer Karen Ozymy was told by an unidentified black female that a man named Lynn, whom she pointed out, would know where to buy cocaine. Ozymy purchased cocaine from this individual. Ozymy identified the man in a photographic lineup one month later as the defendant, Leonard Earl Baker. This photographic lineup was not preserved after the identification was made. Baker was later arrested and charged with the offense of distribution of a controlled substance.

Baker's first point of error is that the trial court denied his United States and Texas constitutional right of due process by refusing to grant his motion for new trial. This is based on two theories: (1) that the State failed to fully disclose all potential witnesses, and (2) that the failure to preserve the photographic lineup by the State denied him a fair trial.

Whether to grant a motion for new trial is at the sound discretion of the trial court and will be overturned on appeal only by showing a clear abuse of discretion. *Bolden v. State*, 634 S.W.2d 710, 711 (Tex.Crim. App. [Panel Op.] 1982); *Stewart v. State*, 652 S.W.2d 496, 501 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

First, Baker contends that all potential witnesses were not disclosed. The prosecution's suppression of evidence favorable to the defendant denies the defendant his due process rights under the United States and Texas constitution and presents reversible error when: (1) there is suppression of evidence by the prosecution, (2) the evidence is favorable to the defendant, and (3) the evidence is material. *Butler v. State*, 736 S.W.2d 668, 670 (Tex.Crim.App.1987); *O'Rarden v. State*, 777 S.W.2d 455, 458 (Tex. App.—Dallas 1989, pet. ref'd); *see* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 19.

The first factor exists if the prosecution actively suppresses evidence, or negligently or inadvertently fails to disclose it. *O'Rarden*, 777 S.W.2d at 458. A motion for discovery by Baker requested the identity of

all people who might have any information concerning this case. The motion was granted by the trial court judge, yet the State failed to mention the unidentified black female. In *Wynne v. State,* a violation of due process was found when the State failed to reveal an expert's report until trial because this operated to deprive the defense of time to secure testimony of its own experts. 676 S.W.2d 650 (Tex.App.—Fort Worth 1984, pet. ref'd). In the case at bar, Baker was given no time to locate this individual.

The second and third requirements are that the evidence be beneficial to the defendant and material. There is no showing that the unidentified black female had any testimony which would be favorable to Baker. Baker simply argues that the person could be questioned as to who was present at the scene. Baker, however, has made no assertion as to what this person might say which would be beneficial to his case, and Baker was at the scene and therefore would be cognizant of this same information. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. *Cuesta v. State,* 763 S.W.2d 547 (Tex.App.—Amarillo 1988, no pet.), *citing United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Therefore, the suppression of evidence does not meet the second and third requirement for depriving Baker of his due process rights.

Though the identity of the black female was suppressed, this evidence was not shown to be favorable to the defendant, under the three-step analysis presented in *Butler,* it was not reversible error for the prosecution to fail to disclose until trial the fact that this person was present at the scene of the offense. *Butler,* 736 S.W.2d at 670. This point of error is overruled.

■ Next, Baker contends that the failure to preserve the photographic lineup denied him a fair trial under the same test. The first requirement is that the prosecution suppressed evidence. Scott Anderson testified at trial that he "took apart" the photographic lineup that he had prepared for Ozymy to identify the defendant. Because there was

no way for Baker to then obtain this information, evidence of this lineup was suppressed.

The second and third requirements are that the evidence would have been beneficial to the defendant and material. Evidence of the actual photographic lineup would be material to a challenge of the constitutionality of the lineup. However, there is no showing that the evidence was beneficial and material to Baker. Baker does not contend that the evidence would have been beneficial to him; he only asserts that he had no opportunity to decide if the lineup was "constitutionally firm." The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. *Cuesta,* 763 S.W.2d 547. Therefore, under a *Butler* analysis, it was not reversible error for the prosecution to suppress the photographic lineup. *Butler,* 736 S.W.2d at 670.

Further, Baker was identified at trial by Ozymy who had identified Baker in the earlier lineup. The State's inability to produce a set of photographs utilized in a photographic lineup did not adversely affect the admissibility of an in-court identification of a defendant because identification testimony was of independent origin. *Love v. State,* 730 S.W.2d 385 (Tex.App.—Fort Worth 1987, no pet.). This point of error is overruled.

■ By his next point of error, Baker contends that the trial court erred in overruling Baker's hearsay objection and allowing the testimony of Ozymy concerning the statement of the unidentified black female. The determination of admissibility of evidence is within the sound discretion of the trial court, *Jackson v. State,* 575 S.W.2d 567, 570 (Tex. Crim.App. [Panel Op.] 1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986).

■ At trial, Ozymy testified that an unidentified black woman told her that Baker would know where they could purchase drugs. Baker contends that the testimony was inadmissible hearsay evidence. Tex. R.Crim.Evid. 802. Hearsay is a statement offered in evidence to prove the truth of the

matter asserted. TEX.R.CRIM.EVID. 801. Here the statements of the unidentified black female met the definition of hearsay and was not shown to fit any exception to the rule. Thus, if a proper objection was made, it was an abuse of discretion for the trial court to overrule the hearsay objection. "In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context." TEX. R.APP.P. 52(a); *see also* TEX.R.CRIM.EVID. 103(a)(1). Thus, we must decide if Baker's objection was both specific and timely.

■ Baker's attorney made an objection and obtained an adverse ruling. However, the objection appears to be to additional hearsay evidence which was about to be presented, not to the hearsay elicited four questions earlier. Four questions after the hearsay was stated, Ozymy was asked again about the conversation that took place between the black female and Baker. At that point Baker objected to "anything that the black female may have said." Thus, the objection is clearly to the testimony which was about to be elicited from Ozymy, not to hearsay presented in answer to an earlier question. This objection is therefore not specific to the hearsay of which Baker now complains.

Further, the objection was made four questions after the hearsay information was elicited. In *Ward v. State,* 522 S.W.2d 228 (Tex.Crim.App.1975), an objection to hearsay made after the prosecutor had asked only two questions was untimely and was not effective to preserve the issue for review. *See Barnett v. State,* 733 S.W.2d 342 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Therefore, this objection made four questions after the hearsay was elicited was not a timely one. This point of error was not preserved.

The judgment of the trial court is affirmed.