Wilma Lorraine NED, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–82–030CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1983.

Ron Hayes, Houston, for appellant.

Alvin Titus, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from a felony conviction for murder, wherein appellant pled not guilty, waived her right to a trial by a jury, was tried by the Court, found guilty, and assessed punishment at confinement in the Texas Department of Corrections for a period of five (5) years. We affirm.

The record reflects that on April 18, 1980, appellant's son, Robert Ned, Jr., and the deceased, Clarence Earl Rivers, were involved in a dispute which subsequently erupted into a confrontation between the families of the two men at the apartment of appellant. The deceased was carrying a shotgun when he entered the apartment; however, during the events that followed, the deceased fell and dropped the shotgun, and then ran from the second-story apartment to the common grounds of the apartment complex below. Appellant fired a .38 caliber pistol at the deceased from the balcony of her apartment and the deceased fell to the ground. Appellant's husband (the co-defendant) took the pistol from his wife and fired it three times at the deceased as he was lying on the ground. The co-defendant then picked up a .12 gauge sawed-off shotgun, either his own or that of the deceased, and proceeded down the stairs to the common grounds below. As the deceased was lying on the ground, wounded from two pistol shots and begging for his life, the co-defendant placed the shotgun a few inches from the face of the deceased and pulled the trigger. Appellant and co-defendant were tried jointly. Both defense attorneys and the State waived the right to examine the coroner, and stipulated to the introduction of the coroner's report as evidence at the trial. The coroner's report indicated that the cause of death was from a shotgun wound to the face. The report also noted a pistol entry wound in the back and a pistol entry wound in the right inguinal area, exiting the left buttocks. The coroner's report did not indicate the damage sustained by the deceased from the two pistol wounds.

Appellant raises a single ground of error challenging the sufficiency of the evidence supporting her conviction, and in particular, argues that the evidence failed to prove that the appellant's action caused the death of the deceased. We find this ground to be without merit.

■ The Court of Appeals must view the evidence in the light most favorable to the verdict. *Garrett v. State,* 619 S.W.2d 172 (Tex.Cr.App.1981). The question for review is whether any rational trier of fact, when viewing the evidence in the light most favorable to the verdict, could find the necessary elements of the crime beyond a reasonable doubt. Therefore, if the State presents any evidence that establishes guilt beyond a reasonable doubt, and if the judge or jury believes that evidence beyond a reasonable doubt, this court cannot reverse the judgment on the grounds of insufficiency of evidence. *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App., 1982).

■ A person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or, if he intends to cause serious bodily injury and commits an act clearly dangerous to human life which causes the death of an individual. Tex.Penal Code Ann. § 19.02(a)(1) and (2) (Vernon 1974). In the instant case, we recognize that the deceased may have tripped and fallen to the ground, as opposed to being knocked to the ground by the bullet fired by appellant, and we further recognize

that the record is silent as to the physical damage sustained by the deceased from the gunshot wound to the back and to the groin, and that the cause of death was the shotgun blast to the face. However, the court was correct in finding appellant guilty of murder if, from the evidence, the court found, beyond a reasonable doubt, that the appellant, acting with intent to promote or assist the commission of the offense, aided or attempted to aid her husband, who actually fired the fatal shot. *Binyon v. State,* 545 S.W.2d 448 (Tex.Cr. App.1976). *See also* Tex.Penal Code Ann. § 7.02 (Vernon 1974). When people act together in pursuit of an unlawful act, it does not matter that the offense originally intended is a lesser offense, which escalated into a greater offense. Each party becomes liable for the escalated collateral crimes, even though these crimes may be unplanned and unintended, so long as they are the foreseeable, ordinary and probable consequences of the preparation or execution of the unlawful act itself. *Thompson v. State,* 514 S.W.2d 275 (Tex.Cr.App.1974). In order to determine culpability, the court may look to events that occurred before, during, and after the commission of the illegal offense, and the court may rely on any actions of the parties which show an understanding and/or common design to do a certain act. *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr. App.1976); *Bush v. State,* 506 S.W.2d 603 (Tex.Cr.App.1974). However, an implicit agreement or common design to commit the offense may be formulated contemporaneous with the offense. *Suff v. State,* 531 S.W.2d 814 (Tex.Cr.App.1976); and the fact that appellant did not take part in the actual shooting that killed deceased is immaterial. *Ex parte Prior,* and *Bush v. State,* supra.

■ The death of the deceased in the instant case was certainly a foreseeable consequence of the original assault launched by the appellant, and but for the original shot fired by appellant, the deceased may well have made good his escape and would not have been lying on the ground pleading for his life when the fatal shot was fired by appellant's husband.

This court will now turn its attention to the case of *Lugo-Lugo v. State,* December 15, 1982, Cause No. 60,018 (Motion for Rehearing Granted—Pending En Banc Opinion). The appellant has not directed the attention of the court to this opinion in its brief; however, the opinion was rendered by the Texas Court of Criminal Appeals *after* the filing of the brief in the instant case. We have carefully reviewed the issues raised by the court in the *Lugo-Lugo* opinion, and we are unable to agree with that decision.

The pertinent portions of the indictment in the *Lugo-Lugo* case read as follows:[1]

"David Lugo-Lugo ... did then and there, *intending to cause serious bodily injury* to an individual, ..., *commit an act* clearly dangerous to human life, ...."

The court found fundamental error in the above indictment because the court found no allegation of a culpable mental state. However, the language contained in the *Lugo-Lugo* indictment is worded exactly as required by Tex.Penal Code Ann. § 19.-02(a)(2) (Vernon 1974), to-wit:

(a) a person commits the offense of murder if he:

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

It is clear to this court that the indictment in *Lugo-Lugo* did allege the specific intent necessary to show a culpable mental state; however, *Lugo-Lugo* appears to stand for the proposition that a culpable mental state must be clearly stated in two places in the indictment, to-wit:

(1) *intending* to cause serious bodily injury, and

(2) *intending* to commit an act clearly dangerous to human life.

In order to follow this rationale, one would have to believe that there is no connection between *intending to cause serious bodily*

1. All emphasis added by the writer unless otherwise indicated.

*injury* and the *commission of the act itself.* It appears clear to this court that one cannot separate the intent to cause serious bodily injury from the commission of the act clearly dangerous to human life. It is certainly intended by the Penal Code and intended by the language of the *Lugo-Lugo* indictment that the *act was committed* with the *intent* to cause serious bodily injury. This court cannot think of a hypothetical situation where an individual can intend to cause serious bodily injury and commit an act clearly dangerous to human life that is *unintentional.*

The Texas Court of Criminal Appeals has ruled in a long line of cases, involving different criminal offenses, that as to certain elements of the offense, the *intent* is presumed and/or found as a *matter of law,* and therefore not essential to the validity of an indictment, to–wit:

> *Burglary: Teniente v. State,* 533 S.W.2d 805 (Tex.Crim.App.1976), where the accused is charged with the offense of burglary "with the intent to commit theft, . . . enter the building . . . ." The *intent* to enter the building is presumed from the intent to commit theft.
>
> *Indecency: Clark v. State,* 558 S.W.2d 887 (Tex.Crim.App.1977), where the accused is charged with the offense of indecency with a child, "with the intent to arouse the sexual desires of the accused, . . . have sexual contact . . .", the *intent* to have sexual contact is presumed from the intent to arouse sexual desires.
>
> *Murder: Garcia v. State,* 541 S.W.2d 428 (Tex.Crim.App.1976), where the accused is charged with murder, ". . . with the intent to cause serious bodily injury . . .", the *intent* to kill is presumed from the intent to cause serious bodily injury.
>
> *See also Baldwin v. State,* 538 S.W.2d 615 (Tex.Crim.App.1976); *Telfair v. State,* 565 S.W.2d 522 (Tex.Crim.App.1978).

■ In order to prove murder under Tex. Penal Code Ann. § 19.02(a)(2) (Vernon 1974), the State must prove that the actor:

(1) *intends* to cause serious bodily injury, then

(2) commits an act clearly dangerous to human life, that

(3) causes the death of an individual.

*Baldwin v. State,* supra. The proof of the offense of murder stands with the *intent* to cause serious bodily injury, (1), and, if *that intent* is followed by (2) the act, and (3) the death, the State has proved the offense. No other proof or culpable mental state is required or contemplated by the statute.

Further, in *Baldwin,* the court discusses the offense of attempted murder under Tex.Penal Code Ann. § 15.01 (Vernon Supp. 1982–1983), and finds that if the actor:

(1) *intends* to commit an offense (murder), and

(2) commits an act amounting to more than mere preparation, but

(3) fails to effect the commission of the offense, then

the actor has committed the offense of attempted murder. The *initial intent,* (1), followed by (2) and (3), is all the culpable mental state required.

In the *Lugo-Lugo* decision, the court cited *Ex parte Santellana,* 606 S.W.2d 331 (Tex.Cr.App.1980), in which a *robbery* indictment was held fundamentally defective, *but* for the culpable mental state: (1) intent to obtain property . . .; and (2) intent to cause serious bodily injury or fear. . . . *Santellana* discusses the "gist" of the offense, and stated that where the alleged culpable mental state (*intent*) clearly applied to the *act* which constituted the "gist" of the offense, the indictments were sufficient without a second and separate allegation of culpable mental state applied to the "gist" of the offense. We can apply the reasoning of the *Santellana* court to the above cited cases and find that in a burglary case (*Teniente*), the "gist" of the offense is the *entry* of a building, and the *intent* to enter is not required when *intent* to commit theft is shown. In the indecency case (*Clark*), the sexual contact is the "gist" of the offense, and the *intent* to have sexual contact is not required when *intent* to arouse sexual desire is shown. In a murder case (*Garcia*), the

"gist" of the offense is the *act* of killing and the *intent* to kill is not required when intent to cause serious bodily injury is shown. The alleged *intent* in each case clearly applies to the act constituting the "gist" of the offense and eliminates any need for additional allegations of *intent.*

 In *Lugo-Lugo,* as in the instant case, the "gist" of the offense of murder is the *act* clearly dangerous to human life which results in the death of an individual. Surely, the *intent* to cause serious bodily injury can be imputed to the *act* clearly dangerous. . . . The alleged culpable mental state, "intent to cause serious bodily injury", *clearly applies* to the "act clearly dangerous to human life." If this rationale is valid, then in *Lugo-Lugo* and in the instant case, the mandates of Tex.Penal Code Ann. § 19.01 (Vernon 1974) have been met.

The Court, in arriving at the *Lugo-Lugo* decision, cited *Dockery v. State,* 542 S.W.2d 644, 650 (Tex.Cr.App.1975) (on Motion for Rehearing) which, in pertinent part, states:

> However, it is also clear that such a homicide must be accompanied by one of the four culpable mental states. . . . We conclude, therefore, that homicide is punishable only where the State proves both *voluntary* conduct and a culpable mental state.

We would point out that the pertinent part of the indictment/information in *Dockery* alleges: ". . . *without* an apparent intention to kill. . . . " Not only does that indictment fail to allege a culpable mental state, it in fact alleges the absence of a culpable mental state and it is certainly distinguishable from *Lugo-Lugo* and the instant case. Further, *Lugo-Lugo* relies on *Simpkins v. State,* 590 S.W.2d 129, 133 (Tex.Cr.App. 1979), wherein the court found that the appellant must commit: "a *voluntary* act with the requisite culpable mental state."

 The *Lugo-Lugo* decision would also seem to stand for the proposition that the "act" in Tex.Penal Code Ann. § 19.02(a)(2) (Vernon 1974) must also be *voluntary.* However, Tex.Penal Code Ann. § 1.07(a)(1) (Vernon 1974) defines "act":

> (1) "Act" means a bodily movement, whether voluntary or involuntary, . . . .

The Texas Penal Code *does not require* the "act" in the offense of murder to be voluntary.

The *Lugo-Lugo* decision was a panel opinion and the Court of Criminal Appeals has granted a motion for rehearing, en banc. Therefore, the decision is not final, and is not yet a part of the jurisprudence of this state. *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr.App.1978). This court believes the decision to be wrong, and we respectfully decline to follow *Lugo-Lugo.*

The judgment of the trial court below is affirmed.