**Leonard JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–82–409CR, A14–82–410–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 1983.

---

Leonard N. Barksdale, Houston, for appellant.

Ray Speece, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a conviction for murder and aggravated rape. Punishment was assessed at seventy-five years confinement in the Texas Department of Corrections. Both appeals have been consolidated for consideration by this Court.

In his first point of error, appellant contends that the trial court erred by allowing into evidence photographs of the deceased which lacked probative value, but were inflammatory in nature. The seven photographs in issue depicted the deceased, shortly after the crime, in the living room of the apartment she and appellant shared. One of the photographs was a close-up view of the deceased's face, showing blood on her face and neck. All of the photographs were properly authenticated as being a true and accurate representation of the scenes which they depict.

In *Martin v. State,* 475 S.W.2d 265, 267 (Tex.Cr.App.1972), the Court held that even though a photograph may be gruesome or might tend to arouse the passion of the jury, it would be admissible if a verbal description of the scene were admissible. Here a verbal description was admissible; therefore, the photographs were admissible. *See Freeman v. State,* 618 S.W.2d 52 (Tex. Cr.App.1981); *Banks v. State,* 643 S.W.2d 129 (Tex.Cr.App.1982).

In his second ground of error, appellant contends that the trial court erred in overruling his objection and allowing the prosecutor to argue at the punishment stage that the average sentence for the offenses of murder and aggravated rape was forty years. Appellant argues that this information was based on the prosecutor's personal

opinion, rather than on the law and evidence before the court. The record shows, in pertinent part, the following comments by prosecutor:

> What is fair punishment for Leonard Jackson in this case? ... You know that the range of punishment ... is five to ninety-nine, five years to 99 years or life....

> You have to ask yourself, is this an average murder case? Is this an average aggravated rape case?

> If it was an average case, the average of 99 is something in here, ... let's just say the average is forty years. If you think this is an average case, then give the man 40 years.

> Well, what about this tells you that it is not an average case? I sat down and thought about that and tried to put together a few things, and you can agree with my logic or not....

Appellant made no objection to any of the above statements. Later in the record, the prosecutor again commented that the instant case was "not an average case." At this point, appellant objected to the prosecutor's comments regarding the average range of punishment for a murder case.

■ No objection was raised by appellant to the initial statements in argument by the prosecution, but only upon a repetition of a similar statement. We hold that appellant's objection was not made timely. An objection to argument must be made at the first opportunity, and not after argument has continued for some time on the objectionable line. *Cain v. State,* 549 S.W.2d 707 (Tex.Cr.App.1977).

In ground of error three, appellant asserts that the trial court erred in overruling appellant's challenge for cause to a member of the jury panel, thus forcing him to use a peremptory challenge unnecessarily. The juror in question initially stated on voir dire that he thought appellant had already been found guilty of a crime by the grand jury. The court explained to the juror that the fact appellant had been indicted was no circumstance of guilt, and a person was presumed innocent until proven guilty be-yond a reasonable doubt. The court then asked the juror if he could set aside any feeling that appellant was guilty as a result of the indictment. The juror agreed that he could do so, and would follow the law. At this point, the Court found the juror qualified, and overruled appellant's challenge for cause to such juror.

■ Appellant may not raise this issue on appeal. He did not request an additional peremptory challenge after exhausting all of his peremptory challenges to be used on another juror he found to be objectionable, *Adami v. State,* 524 S.W.2d 693 (Tex.Cr. App.1975), nor does he show that the court would have refused to give an additional challenge if such request had been made. *Peters v. State,* 575 S.W.2d 560 (Tex.Cr. App.1979). No error is shown.

In ground of error four, appellant contends the trial court erred by allowing the prosecutor to refer to statements allegedly made by the deceased to a friend in Missouri concerning threats against her by appellant. The record reflects that the prosecutor posed the following questions to appellant:

> Q. We have to rely on what you say you did tell her and didn't tell her. If she told Mary Ann Fluker that, is she not telling the truth? If she told Mary Ann Fluker that you said to her that if I can't have you nobody else is, is that not the truth?

> A. No, sir.

> Q. If she told Elizabeth Drakes that— you know Elizabeth Drakes; don't you?

> A. Betty.

> Q. Lives up there on 57th Street in Kansas City, Missouri?

> A. I know Betty. I don't know her as Elizabeth.

> MR. SMITH: Betty Drakes.

At this point, appellant objected to any testimony regarding hearsay statements made by the deceased to Betty Drakes and the court overruled the objection.

■ The record further reflects that later during the prosecutor's cross-examination, a substantially similar question was

asked and answered without objection. Therefore, nothing is presented for review. *Sherbert v. State,* 531 S.W.2d 636 (Tex.Cr. App.1976); *Bain v. State,* 492 S.W.2d 475 (Tex.Cr.App.1973).

In his fifth ground of error, appellant argues that during the punishment phase of the trial, the jury improperly deliberated on whether appellant would serve his sentence concurrently or consecutively. During their deliberation, the jury sent the following note to the court: "May we be informed if sentence assessed will run concurrently or consecutively."

■ In order to preserve this ground of error, it was incumbent upon appellant to file a motion for new trial, alleging jury misconduct, and supporting such allegation by affidavit of a juror or some other person in a position to know the facts. *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App.1980). No such information appears in the record before us. Therefore, no error is shown.

We feel compelled to briefly acknowledge our awareness of the Court of Criminal Appeals' ruling in *Lugo—Lugo v. State,* 650 S.W.2d 72 (Tex.Cr.App.1982). In *Lugo—Lugo,* the Court held that the indictment charging appellant with murder was fundamentally defective because it contained no allegation of a culpable mental state, and therefore, failed to allege a necessary element of the offense.

■ The indictment charging appellant with murder in the instant case is essentially the same as the indictment in *Lugo—Lugo.* However, until a decision is rendered on the State's Motion for Rehearing in *Lugo—Lugo v. State,* we do not recognize the court's panel decision as part of the jurisprudence of this State. Further, we do not believe the decision to be a correct interpretation of the law as it currently exists. *See Ned v. State,* 654 S.W.2d 732 (Tex.App.—Houston [14th Dist.] 1983).

We affirm both judgments of the trial court.