IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-411-CR




MATTHEW BUCHANON PRUETT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0911485, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 




 This appeal is from a judgment of conviction of the offense of aggravated robbery
with a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2) (West 1989). After a jury found
appellant guilty, the trial judge assessed punishment at confinement for 33 years, a $3,000 fine,
and found that appellant used a knife, a deadly weapon, during the commission of the offense. 
Appellant asserts that the trial court erred in refusing appellant's request to instruct the jury on
the lesser included offense of robbery, and in making an affirmative finding that appellant used
a knife, a deadly weapon, during the commission of the offense. We will affirm the judgment. 

 Austin police officers Randall Milstead and Jessica Robledo, working undercover,
were negotiating with appellant and Robert Williamson to purchase marihuana with jewelry and
cash. The four met in a restaurant and talked for "some time." Appellant and Williamson
inspected the jewelry in the restaurant, and agreed to deliver the marihuana to Milstead in the
restaurant garage. Milstead drove his Suburban into the garage and parked it close to the car in
which appellant and Williamson said they had the marihuana. Robledo stayed in the restaurant. 
When appellant started to open the car's trunk to get the marihuana, Williamson pulled a gun and
held it close to Milstead's head. They told Milstead they were going to kill him, and took the
jewelry and cash out of his pockets. When Milstead did not return, Robledo became concerned,
signaled other officers working on the case and went toward the garage. She heard shouting and
saw Williamson holding a cocked gun close to Milstead's head and saw appellant holding a knife
close to Milstead's side. Robledo shouted, "Police. I have a gun. Don't shoot." Williamson
ran from the garage. Milstead fired a shot at Williamson, but did not hit him. Other officers
captured Williamson outside of the garage. Appellant got in his car and attempted to leave, but
he was overpowered and taken into custody by Robledo, Milstead, and other officers. The State
offered the testimony of a police officer, who qualified as an expert, that the knife used by
appellant was a deadly weapon. The officer testified that the knife, which appellant held close to
Milstead's side during the robbery, was a knife that "could kill" a person and it was "absolutely"
a deadly weapon; it would cause death or serious bodily injury. Neither appellant nor Williamson
testified and they offered no evidence in their defense.

 Appellant and Williamson were jointly indicted in a two-count indictment. The
first count charges they committed the robbery by using and exhibiting a firearm, a deadly
weapon. The second count charges they committed the robbery by using and exhibiting a knife,
a deadly weapon. The jury was instructed on only the first count of the indictment. The jury
found the appellant guilty of the offense of aggravated robbery with a deadly weapon as alleged
in the indictment. Since appellant did not elect to have the jury assess his punishment, punishment
was assessed by the trial court. The trial court made a finding that, "a deadly weapon, to wit: 
a knife was used by this defendant in the commission of the offense."

 The appellant first complains of the trial court's refusal to grant his request to
instruct the jury on the lesser included offense of robbery. When timely requested, a jury
instruction on a lesser included offense should be given if the offense for which the requested
instruction is made is a lesser included offense of the offense charged and there is evidence from
which the jury could reasonably conclude that, if guilty, the accused is guilty of only the lesser
included offense. Ramos v. State, 865 S.W.2d 463 (Tex. Crim. App. 1993); Lincecum v. State,
736 S.W.2d 673 (Tex. Crim. App. 1987); Royster v. State, 622 S.W.2d 442 (Tex. Crim. App.
1981). Robbery may be a lesser included offense of aggravated robbery. Tex. Code Crim. Proc.
Ann. art. 37.09 (West 1981); Ex parte Walton, 626 S.W.2d 528, 530 (Tex. Crim. App. 1981);
Russell v. State, 804 S.W.2d 287, 289 (Tex. App.--Fort Worth 1991, no pet.).

 Appellant concedes there is sufficient evidence to support his conviction for
aggravated robbery, but he argues that the evidence "is susceptible to the question of whether
appellant knew that his codefendant would escalate this into aggravated robbery with a firearm." 
Appellant was charged with, and convicted as a party to, the offense of aggravated robbery by use
of a firearm. The evidence is uncontroverted, and the jury so found, that Williamson used a
firearm during the commission of the robbery, making him guilty of aggravated robbery.



If, in the attempt to carry out a conspiracy to commit one felony, another felony
is committed by one of the conspirators, all conspirators are guilty of the felony
actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.



Tex. Penal Code Ann. § 7.02(b) (West 1974).

 The Court of Criminal Appeals, applying § 7.02(b), has held a defendant guilty of
an aggravated offense even though a codefendant committed the aggravating elements of the
offense. Perez v. State, 608 S.W.2d 634 (Tex. Crim. App. 1980). When parties act together in
pursuit of an unlawful act, it does not matter that the offense originally intended is a lesser offense
which escalated into a greater offense. Each party becomes responsible for the escalated collateral
crimes, even though these crimes may be unplanned or unintended, so long as they are
foreseeable, ordinary, and probable consequences of the preparation or execution of the unlawful
act itself. Ned v. State, 654 S.W.2d 732 (Tex. App.--Houston [14th Dist.] 1983, no pet.).

 Appellant and Williamson were attempting to carry out a conspiracy to commit
robbery, and Williamson committed aggravated robbery by using a firearm. Appellant would be
guilty of the aggravated robbery although he did not intend to commit aggravated robbery if the
aggravated robbery were committed in furtherance of the planned robbery, and aggravated
robbery was an offense that should have been anticipated as a result of carrying out the conspiracy
to commit robbery. There can be no question that the firearm was used in furtherance of the
planned robbery. Since appellant, himself, was armed with a deadly weapon, there can be no
doubt he knew or should have anticipated that Williamson was armed with and would use a deadly
weapon.

 Appellant cites and relies upon Saunders v. State, 840 S.W.2d 390 (Tex. Crim.
App. 1992), which said:



There are two ways in which the evidence may indicate that a defendant is guilty
only of the lesser offense. First, there may be evidence which refutes or negates
other evidence establishing the greater offense. For instance, if defendant is
charged with aggravated robbery and evidence is presented which indicates the
defendant may not have used a deadly weapon, then a charge on the lesser offense
of robbery would be required. If, however, the defendant simply denies
commission of the offense, see, e.g., McKinney v. State, 627 S.W.2d 731 (Tex.
Crim. App. 1982); McCardell v. State, 557 S.W.2d 289 (Tex. Crim. App. 1977),
or there is no evidence specifically raising an issue regarding use of the weapon,
see, e.g., Denison v. State, 651 S.W.2d 754 (Tex. Crim. App. 1983), and Thomas
v. State, 543 S.W.2d 645 (Tex. Crim. App. 1976), then the charge on the lesser
offense would not be required. 



Saunders, 840 S.W.2d at 391-92 (emphasis supplied). In this case, neither appellant nor
Williamson testified or offered any evidence and there is no evidence from any other source which
refutes or negates the evidence showing a firearm was used. Appellant is guilty of aggravated
robbery as a party. Since the evidence fails to show that appellant is guilty only of the lesser
offense of robbery, the trial court did not err in refusing to instruct the jury on the lesser included
offense. Moreover, the evidence is uncontroverted that appellant used a knife, which was proved
to be a deadly weapon, during the commission of the offense. The first point of error is
overruled.

 In his second point of error, appellant declares that the trial court erred in making
an affirmative finding that the knife was a deadly weapon, because appellant did not have
sufficient notice of the State's intent to seek such a finding against appellant. Both counts of the
indictment charged appellant and Williamson as parties in committing aggravated robbery. One
count alleges they used a firearm and the other count alleges they used a knife, a deadly weapon. 
Neither count specifies which defendant used which weapon. Specifically, appellant complains
that, "[i]t is not clear whether it is alleged (1) that each defendant personally used or exhibited
both a firearm and a knife or (2) that each defendant is guilty as a party to the use and exhibition
of weapons." Appellant complains about the lack of notice for the first time on appeal, which is
too late. Such complaints must be made before trial. Tex. Code Crim. Proc. Ann. art. 1.14(b)
(West Supp. 1990).

 This case is not like Lukin v. State, 780 S.W.2d 264 (Tex. Crim. App. 1989),
where there was a complete lack of notice that a deadly weapon was used and that the State would
seek an affirmative finding. In that case article 1.14(b) did not apply. When there is a complete
lack of notice, a defendant is deprived of due course of law, Tex. Const. art. I, § 10, "that a
particular finding of fact, having an incrementally greater impact on his liberty than a bare
conviction, may even be made." Ex parte Patterson, 740 S.W.2d 766, 774 (Tex. Crim. App.
1987). In this case, appellant's complaint is not concerned with a complete lack of notice which
could have deprived him of due course of law. Point of error two is overruled.

 In his third point of error, appellant urges that the trial court erred in making an
affirmative finding that the knife was a deadly weapon, because the State abandoned notice of
intent to seek such a finding against appellant. The State abandoned count two which was the
count that alleged the offense was committed by use of the knife. Although appellant attempts to
distinguish the facts in this case from those in Grettenberg v. State, 790 S.W.2d 613 (Tex. Crim.
App. 1990), we believe that decision controls. It holds that an abandoned count of an indictment
gives sufficient notice for making an affirmative finding if the theories of prosecution contained
in the counts are interrelated. Point of error three is overruled.

 In his fourth point of error, appellant argues that since a knife is not a deadly
weapon per se, it was incumbent upon the trial court to find and to include in its affirmative
finding that the knife "in the manner of its use and intended use, was capable of causing death or
serious bodily injury." Appellant cites no authority for this contention. The trial court in this
case was the trier of facts at the punishment phase of the trial and had the authority to make an
affirmative finding. Fann v. State, 702 S.W.2d 602, 605 (Tex. Crim. App. 1985). The court
heard evidence that the knife was a deadly weapon and admitted the knife in evidence. The trial
court found as reflected by the judgment that: "a deadly weapon, to wit: a knife was used by this
defendant in the commission of the offense. "Deadly weapon" is defined by law. Tex. Penal
Code Ann. § 1.07(11)(B) (West 1974). We hold that the trial court's finding is sufficient. Point
of error four is overruled.

 In his fifth point of error, appellant asserts there is insufficient evidence to support
the finding that appellant used "a deadly weapon, namely, a knife." He argues that Milstead did
not see the knife and that "although in the abstract there is evidence that the knife was capable of
being a deadly weapon, there is no evidence that the knife in the actual manner of its use rendered
it a deadly weapon." To establish the use of a deadly weapon in the commission of the offense,
it is not necessary that the victim of the offense see the weapon. Michel v. State, 834 S.W.2d 64,
67 (Tex. App.--Dallas 1992, no pet.). The State may rely on circumstantial evidence to establish
the use of a deadly weapon. Webber v. State, 757 S.W.2d 51, 54 (Tex. App.--Houston [14th
Dist.] 1988, pet. ref'd). In this case there is direct evidence that appellant used a knife. Robledo
testified she saw appellant holding a knife close to Milstead's side. This was while the jewelry
and money were being removed from Milstead's pocket. It is not necessary to show that a victim
of a robbery was actually stabbed or cut with a knife to show that the knife used was a deadly
weapon. Expert testimony established the knife used was a deadly weapon. Point of error five
is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: May 11, 1994

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).